Leonard L. Finz, J.
This is a motion brought by the plaintiff which seeks to dismiss and strike the affirmative defense of the defendant City of New York, which defense, in substance, sets forth the allegation that the plaintiff failed to comply with the statutory provisions of service of notice of claim as contained in subdivision 3 of section 50-e of the General Municipal Law. The defendant in pressing its affirmative defense alleges that the service of the notice of claim was not made within the 90-day statutory period. By contrast, the plaintiff alleges that its service did comply with the statutory provisions of subdivision 3 of section 50-e and that, accordingly, said defense should be dismissed.
In this matter before this court, there is a unique question raised which apparently has not been specifically dealt with in prior decisions, and, as such, is deserving of judicial inquiry and determination.
Simply stated, the facts are these: The accident, which is the subject of the action, occurred on August 14, I960. The last *71 calendar day for service of the notice of claim therefore would have fallen on Saturday, November 12,1960. The plaintiff states that the subject tile was mislaid and was not “ found by me until Friday, November 11, 1960, the day preceding the last day for service of said notice of claim upon the City of New York.” He states further that November 11, 1960 being “ Veterans’ Day, a legal holiday * * * service could not therefore be legally effected on said day.”
On the next day, Saturday, November 12, 1.960, plaintiff appeared at the Comptroller’s office in the Municipal Building at about 11:00 a.m. and attempted to personally serve the Comptroller at the Comptroller’s office on the fifth floor of said building. The Comptroller’s office was closed, and in view of the situation, the plaintiff ‘ ‘ placed the notice of claim in an envelope addressed to the Comptroller’s office and served same upon the Comptroller by sliding the envelope under the door of the Comptroller’s office ”. The plaintiff states further that he effected additional service on Monday, November 14, 1960, by serving an additional copy of the notice of claim upon an agent at the Comptroller’s office in the Municipal Building which service was acknowledged and indorsed by said agent as - evidence of said physical service on said date.
It is the defendant city’s position that the service of the notice of claim on the last calendar day of service, to wit, Saturday, November 12, by means of sliding said notice under the door was contrary to the statutory provisions of subdivision 3 of section 50-e, and as such was ineffectual and invalid. Conversely, it is plaintiff’s position that said service was valid and that the defendant’s affirmative defense, being without legal basis or merit, should be dismissed.
The issue before the court, is whether or not the service by the plaintiff, considering the statutes prevailing and the calendar days involved, was in fact service within the statutory period.
The court finds that service by the method employed on Saturday, November 12, wherein plaintiff slid said notice of claim under the door, was not in accordance with the General Municipal Law and were the court to consider only that facet of the motion it would be constrained to deny the relief sought.
The court, however, .in addressing itself to the issues before it must examine the totality of the situation, including the holidays immediately before the 90th calendar day of service and the Sunday subsequent to the 90th calendar day of service in the framework of not only subdivision 3 of section 50-e of the General Municipal Law, but also in the atmosphere of sections 25 and 25-a of the General Construction Law.
*72 Under subdivision I of section 25-a of the General Construction Law if “ an act is authorized or required to be done [the last day of which] ends oil a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day and if the period ends at a specified hour, such act may be done at or before the same hour of such next succeeding business day Were this section to be applied to the instant motion the court would be obliged to grant plaintiff’s motion in that section 25-a would have created a sufficient shield of extension for the plaintiff within which service of the notice of claim, which all parties agree was made on Monday, November 14, 1960, would have been valid. That is to say, since the 89th day fell upon a legal holiday, Veterans’ Day, the plaintiff would have had its time extended to the next succeeding business day. The next succeeding calendar day fell upon a Saturday, which day was the 90th or last day of service, and under the provisions of section 25-a the time within which plaintiff could have effected service would have been extended to the next business day, which day in this case would have been Monday, November 14, 1960.
A further reading of the General Construction Law (§§ 25, 25-a), however, under the caption “ Effective date. Laws 1965.” etc., the effective date of section 25-a and its application to any specific questions addressed to that section “ shall take effect September first, nineteen hundred sixty-five but shall not apply to or affect contracts or obligations entered into or rights acquired prior to such date.” (L. 1965, ch. 848, § 4.) That being the case, it would, upon casual inspection, appear that the protection of section 25-a would not be available to the plaintiff and, as such, plaintiff’s status would still remain in a position of peril. It is therefore necessary to involve our inquiry into the applicable sections prior to September Í, 1965, which sections are sections 24 and 25 of the General Construction Law.
Said section 25 omitted cmy reference to Saturdays as being a day of exclusion, the only reference to Saturday as a “ half-holiday ’ ’ being found in section 24. That is to say, that if an act to be done fell upon a Saturday such act would have to be consummated and effected before noon of that day. The historical background of the so-called half-holiday evolved wherein Saturday was always a partial business day with city, State and local agencies up to noon of that day so that any business to be transacted with any departments could be effected prior to noon on any such Saturday. As a realistic matter, however, most city, State and county agencies following World War II were closed on Saturdays and it is because of this practice that section 25-a included Saturday as much of a legal holiday for *73 purposes of the statute as a Sunday or any other legal holiday. Unfortunately, the statute enacted in 1965 failed to keep pace with the practical happenings in connection with city and State agencies whose doors had been shut tight on Saturdays for many years prior to the enactment of section 25-a.
It is therefore necessary to address ourselves to the entire legislative and historical background of “ Saturday ” as a legal holiday for purposes of exclusion of process as it relates to the instant issue before the court.
In the instant case the plaintiff could not effect legal service on Veterans’ Day, the 89th day, by reason of the fact that the doors of the Comptroller’s office were shut tight. Had the Comptroller’s office been opened on Saturday, the 90th day, as section 25 had contemplated, the issue would not be before the court in that service would have been effected on said Saturday when the plaintiff appeared at the Comptroller’s office for that purpose. The Comptroller’s office, however, as in the case of most other city agencies, was closed and therefore by this unilateral act deprived the plaintiff of his legal right of service on the 90th day. Such deprivation by reason of the Comptroller’s own action, should not inure to the benefit of the defendant City of New York where the net result would be the dismissal of an action brought by one of its citizens. Having found the doors closed to him on Saturday the plaintiff did effect service on the next business day which was Monday, November 14.
The defendant argues that the plaintiff had the alternative of effecting service by registered mail when he found that service personally on Saturday was impossible. The court would suggest to the defendant that it fails to find any directive in the statutory language of the General Municipal Law which directs that the service must be effected by registered mail. The court disagrees with the defendant when the defendant attempts to direct the manner of service when, in effect, the plaintiff, by the defendant’s own action, is prevented from effecting service in the manner in which it chooses to make service.
Accordingly, the court holds that the service by the plaintiff on Saturday, November 12, was not valid but that the service effected on November 14,1960 was in accordance with the general provisions and general intent of the General Construction Law and, as such, grants plaintiff’s motion to dismiss the affirmative defense of the defendant City of New York.