Francis J. Bloustein, J.
Plaintiff husband cross-moves to amend his complaint in a separation action so as to demand judgment for absolute divorce, pursuant to the recently amended section 170 of the Domestic Relations Law. The proposed amended complaint contains the same factual allegations which presently exist in support of his demand for separation, or, in the alternative, for a judicial separation.
*104 He further asks that defendant’s present answer be deemed to respond to such amended complaint, if the motion be granted, so as to dispense with the necessity for the interposition of a new answer.
The record discloses that the separation action between these parties was commenced in December, 1966; that defendant in that action was awarded temporary alimony and counsel fees, and the action is now on the General Equity Dropped Calendar awaiting trial. The question presented by this motion is whether such requested amendment is permissible and proper under the newly enacted articles 11-A and 11-B of the Domestic Relations Law (L. 1966, ch. 254). Section 211 of the Domestic Relations Law provides: ‘ ‘ An action for divorce or separation shall be commenced by the service of a summons. A verified complaint in such action may not be served until the expiration of one hundred twenty days from the date of service of the summons or the expiration or conciliation proceedings under article eleven-B of this chapter, whichever period is less. ’ ’
Sections 215-c et seq. of the Domestic Relations Law provide for the procedure litigants must pursue after the commencement of an action for divorce.
Divergent views have been expressed in the Second Department as to whether a pleading in a separation action can be amended to include an action for divorce, after service of the summons and complaint (Saunders v. Saunders, 54 Misc 2d 1081, amdt. denied; Fitzpatrick v. Fitzpatrick, 55 Misc 2d 71, amdt. granted).
CPLR 3025 (subd. [b]) permits a party to amend or supplement his pleading “at any time” and that “leave shall be freely given upon such terms as may be just ’ ’. In view of the broad plenary discretion given the courts to amend a pleading and in the circumstances of the case, I am constrained to grant this application, as the ends of justice will be better served by the avoidance of two actions (Homer v. Homer, 282 App. Div. 69,9; Sovik v. Sovik, 282 App. Div. 794; Herzog v. Herzog, 43 Misc 2d 1062). And it does not appear that such amendment will be prejudicial to the defendant in view of the allowance of temporary alimony and counsel fees previously made.
By the service of the summons in the previously instituted separation action the parties are before the court. In fact the action is now awaiting trial. It would be violative of good common sense and contrary to a reasonable interpretation of the legislative intent in amending the Domestic Relations Law by enacting chapter 254 of the Laws of 1966, to maintain an inflexible position and hold, pursuant to articles 11-A and 11-R. *105 a separate summons in a divorce action has to be served, that 120 days have to elapse (Domestic Relations Law, § 211), if there he no conciliation, and then a complaint has to he served if conciliation is unsuccessful or has been terminated. It is the court’s intent to give vitality and meaning to the recently enacted amendment.
Defendant “ neither opposes nor consents to the amendment,” if the conciliation procedures do not delay the trial of this action.
The court will not permit the legislative intent to be thwarted for technical reasons. It is clear that the Legislature intended to liberalize the provisions of the Domestic Relations Law to make the securing of a divorce decree more easily attainable, if there be compliance with the statute and support for the granting of such decree.
Accordingly, the motion is granted. The divorce action is deemed to have been instituted as of the date of the order herein (see Domestic Relations Law, § 215-c). Plaintiff must comply with the procedural requirements of section 215-c et seq. of the Domestic Relations Law. The amended complaint is to be served after the expiration of 120 days from the date of the order herein or the expiration of conciliation proceedings, whichever period is less.