ROSE STEIN, Plaintiff, *v.* ROSE BAFF, Defendant.

Supreme Court, Special Term, New York County, February 2, 1950.

*Seymour Bluhm* for plaintiff.

*Irving Segal* for defendant.

PECORA, J. Section 245-a of the Civil Practice Act does not make it mandatory to permit the service of a supplemental pleading alleging a new or additional cause of action. In the action commenced in 1948 plaintiff claims damages for injuries sustained as a result of the falling of a ceiling in the bathroom of her apartment. Plaintiff now seeks to add a new cause of action alleging injuries in February, 1949, when the ceiling fell in the kitchen of her apartment. To permit the joinder of these causes of action would be prejudicial to defendant. A jury listening to evidence as to the two cases would be influenced solely by the mere fact of the similarity of the accidents. As was said in *McGowan* v. *147 W. 105th St. Inc.* (N. Y. L. J., Feb. 21, 1949, p. 650, col. 7) where a motion was granted severing two causes of action based upon similar accidents within a period of three months: '' The small economy of time, if any, resulting from a single trial is overcome by the danger of prejudice from the joint trial of unrelated, though similar, accidents.'' The amendment to section 258 of the Civil Practice Act (L. 1949, ch. 147) which became effective on September 1, 1949, which now permits joinder of '' independent or alternate causes of action, regardless of consistency '' does not help plaintiff here. While the causes of action sought to be joined in a supplemental pleading, could now be united in a complaint were plaintiff commencing a new action, the court, under section 258, would still have the power, in its discretion, to direct a severance in the interests of justice. Since I believe that under the circumstances a severance would be warranted, permission to join the causes in a supplemental complaint should be presently withheld. **The motion is denied.**