Harold J. Crawford, J.
Motion by defendant 104th Street Holding Corp. for summary judgment dismissing the complaint in the Supreme Court action and for judgment on its complaint in the Municipal Court action which, by a previous order of this court, was transferred here for joint trial. The defendants in the Municipal Court action, who are two of the plaintiffs in the Supreme Court action, move for leave to serve a supplemental answer in the Municipal Court action. For convenience, the defendant in the Supreme Court action will be designated as the “landlord”, the corporate plaintiff in the Supreme Court action as the ‘‘ tenant ’ ’ and the two individual plaintiffs in the Supreme Court action as the ‘ ‘ stockholders ’ ’.
On December 9, 1955 the landlord by a written lease rented a gas station and showroom to the tenant for a term commencing January 1, 1956 and ending on December 31, 1971. The rent reserved was $1,500 per month, payable monthly in advance-, plus the excess of taxes over an $100,000 assessed valuation, payable semiannually in April and October of each year.
On March 7, 1958, when the tenant was in arrears for two months’ rent, it requested the landlord to defer the payment of $500 of each month’s rent for the six months beginning February 1,1958 for which the tenant would execute six promissory notes, each for $500, to become due monthly, commencing on August 1, 1958. The parties so agreed by a written agreement.
In September, 1958 the tenant was again in default for two months’ rent and the landlord commenced a summary proceeding. At that time, there was also due to the landlord $2,500 on five of the promissory notes executed by the tenant pursuant to the agreement of March 7, 1958.
On September 19,1958 the parties entered into a “ stipulation and agreement ’ ’ which recited the pendency of the summary proceeding, the indebtedness of the tenant for $3,000 in rent and $2,500 on the promissory notes, the obligation of the tenant to *849 pay $1,060 in excess taxes during the month of October, 1958, and the request of the tenant for deferment of these obligations. The parties agreed to defer payment on the following terms:
$1,500 rent for August, 1958, to be paid on signing of stipulation;
$1,500 rent for September, 1958, to be paid by delivery of tenant’s check dated September 30, 1958, indorsed by the stockholders;
$3,560 representing the $2,500 due on the prior notes and the $1,060 to become due the following month for excess taxes by the tenant executing 12 promissory notes, 11 for $300 each and the twelfth for $260, the first of which was to become due on October 15,1958, and the others monthly thereafter with an acceleration clause in case of default on any one note; the notes to bear the indorsement of the two stockholders.
This agreement, which also discontinued the pending summary proceeding, was signed by the attorneys for the landlord and the tenant and marked “ Approved” by the two stockholders. The notes were executed and indorsed.
The tenant continued in possession of the premises and paid the rent due thereafter through February, 1959. It also paid 6 of the promissory notes. The tenant defaulted, however, in the payment of the rent due on March 1,1959, and defaulted on the last 6 of the 12 promissory notes. A summary proceeding was commenced on March 25, 1959. The tenant answered with a general denial, but defaulted on the trial on April 9, 1959, and a final order was issued in favor of the landlord. The tenant was dispossessed on April 16, 1959.
On June 2,1959 the landlord commenced the instant Municipal Court action against the two stockholders to recover the $1,760 due on the last 6 of the 12 notes executed and indorsed on September 19, 1958. By reason of the acceleration clause, all 6 of these notes were due when the action was commenced. The stockholders answered on June 16, 1959, pleading a general denial and two affirmative defenses. The first defense is that the landlord induced them to indorse the notes on a promise that it would offer to sell the premises to them, that it never intended to sell the premises to them and that the indorsements were procured through fraud. The second defense is that there was no consideration for their indorsement.
On June 18, 1959 the tenant and the two stockholders commenced the Supreme Court action against the landlord to obtain specific performance of an agreement allegedly made on September 19, 1958 to sell them the premises. They claim that the terms of the agreement were that if the tenant executed *850 and delivered the promissory notes bearing the indorsement of the stockholders and paid the rent to and including February, 1959, the landlord would sell the premises to the tenant and the stockholders for $150,000, subject to an existing first mortgage and transfer the security of $9,000, deposit under the lease. The balance of the purchase price was to be paid by a purchase-money mortgage executed by the tenant and the stockholders to be amortized over a 10-year period with interest at 6%.
The landlord’s answer admits that the tenant executed 12 promissory notes on September 19, 1958, in accordance with a written agreement executed on that day, but denies that there was any agreement to sell the premises. As affirmative defenses, the landlord pleads the Statute of Frauds, in that the alleged contract was oral, and res judicata in that the final order in the summary proceeding established that the tenant was a tenant and not a contract vendee.
In an examination before trial, one of the stockholders, who is an attorney, admitted that the alleged contract was oral and that the alleged negotiations were conducted within the 10-day period prior to the signing of the agreement of September 19,
At the outset, the tenant and stockholders are faced with the parol evidence rule. The agreement of September 19, 1958 is silent with respect to a sale of the premises. While the sale may be considered a collateral agreement in form, it is so closely related to the subject dealt with in the written agreement that it may not be proved. (Mitchill v. Lath, 247 N. Y. 377, 382.)
Assuming, however, that the agreement had been made and that it could be proved, the action for specific performance is barred by the Statute of Frauds. An agreement to sell real property must be in writing. (Real Property Law, § 259.)
The tenant and stockholders contend, however, that there has been such part performance as to take this case out of the Statute of Frauds in that “ not only did they endorse certain notes and make payments thereon but also that they continued as tenants under a lease * * * ” (brief, p. 8).
The part performance necessary to take an oral agreement out of the Statute of Frauds must be unequivocally referrable to the agreement, ‘ ‘ performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing.” (Burns v. McCormick, 233 N. Y. 230, 232; Neverman v. Neverman, 254 N. Y. 496.) An act which admits of explanation without reference to the alleged oral agreement does not constitute part performance. (Gracie Square Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 279.)
*851 In .the instant case, the acts claimed to constitute part performance are consistent with the relationship of landlord and tenant. The requirement that the stockholders indorse the notes was not extraordinary in view of the stockholders’ own admission that the tenant corporation was “ essentially judgment proof.” (Pensig affidavit, p. 4.) It follows that there was no such part performance as to avoid the statute.
There being no issue with respect to the fact that the alleged agreement was not in writing, summary judgment is granted dismissing the Supreme Court action for specific performance as barred by the Statute of Frauds. It is unnecessary to rule on the validity of the landlord’s second defense, res judicata.
As to the Municipal Court action, there is no dispute that the notes were indorsed by the stockholders. Indeed, even if the agreement to sell the premises in March, 1959 had been made, the notes were due over a 12-month period which extended at least 6 months beyond the alleged date for closing title. It is not suggested that the remaining notes were not to be paid even if title closed. Furthermore, the notes were given pursuant to a written agreement which, as pointed out above, cannot be varied by parol evidence. The first defense is without pierit.
The second defense that there was no consideration for the indorsement is likewise without merit. The notes were given pursuant to the agreement of September 19, 1958 in payment of rent due and of other notes and of taxes to become due in the following month. An accommodation indorser is defined as one who signs an instrument without receiving value therefor and he is liable to a holder for value (Negotiable Instruments Law, § 55). An antecedent debt constitutes value (Negotiable Instruments Law, § 51).
The landlord is, therefore, entitled to summary judgment on the Municipal Court action unless the stockholders’ motion for leave to serve a supplemental answer is granted.
The proposed supplemental answer alleges as a defense, setoff and counterclaim that the tenant, pursuant to the terms of the lease, deposited $9,000 with the landlord as security for the minimum rent for the last six months of the term ending on December 31, 1971, that the demised term has since been terminated by eviction in April, 1959, that the landlord has since sold the premises to another as a result of which its potential damage became fixed in an amount less than $9,000 and that the tenant has assigned all its right in and to said $9,000 security to the stockholders, who now own the claim to said security. They demand judgment on the counterclaim for $9,000.
*852 The landlord contends that it is entitled to deduct from the security the rent for the five months from March 1, 1959 to July 31, 1959, totaling $7,500, taxes in excess of $1,000 and interest on the entire sum. In addition, the landlord claims that the security was only $8,000. It is obvious that this would more fittingly be the subject of a separate action. Moreover, the stockholders’ motion was not made until after the landlord had moved for summary judgment. Such a motion is addressed to the discretion of the court and may be denied where it appears ’ to be prejudicial. (Stein v. Baff, 197 Misc. 509.)
The motion to serve a supplemental answer is denied, without prejudice to the right to commence a separate action with respect to the security deposit.
The landlord’s motion for summary judgment is granted as to both actions.
Settle order.