Domenick L. Gabrielli, J.
The plaintiff has, by the service of a summons and complaint, commenced an action for separation. Subsequent to the joinder of issue, the plaintiff alleges she discovered evidence of adultery upon the part of the defendant and moves for permission to serve a supplemental complaint in which there will be added a second cause of action for divorce. The defendant resists this application upon the ground that jurisdiction over the defendant in an action for divorce may not be obtained by means of a supplemental complaint.
In Homer v. Homer (282 App. Div. 699), plaintiff who had commenced an action for separation, was permitted to serve a supplemental complaint containing an additional cause of action for divorce based upon the claimed adultery which occurred *1063 subsequent to the original action. To the same effect was the holding in Sovik v. Sovik (282 App. Div. 794), where plaintiff in a divorce action was permitted to serve a supplemental complaint to include a cause of action for adultery based upon alleged acts of adultery occurring after the commencement of the action. The court there said that “ The possible avoidance of two actions and the ends of justice will be better served by the granting of the application ’ ’.
3025, subd. (b) of the Civil Practice Law and Rules provides as follows: ‘ ‘ Amendments and supplemental pleadings by leave. A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances.”
One of the most important statements of the Revisers of the Civil Practice Law and Rules regarding supplemental pleadings is that 3025, subd. (b) intends the “ widest possible discretion ” to be lodged in the court; so wide that the court may allow a supplemental pleading to supply a cause of action “ even if the pleader had no cause of action at the time of the original pleading but has subsequently acquired and stated one in a supplemental pleading”. (See 1st Report, Legis. Doc. [1957], No. 6 [b], p. 78.) Motion granted.