OPINION OF THE COURT
 

 Jasen, J.
 

 This appeal requires us to determine whether the evidence presented in this fraud action was sufficient to justify an award of punitive or exemplary damages.
 

 The underlying transaction involved in this action related to the sale of real property, including a hotel, located in Liberty, New York. The purchaser of the property, plaintiff Reinah Development Corp. (Reinah), intended to develop it into condominium units. When plaintiff experienced difficulty arranging financing, defendant Kaaterskill Hotel Corp. (Kaaterskill), the holder of a purchase-money second mortgage, loaned plaintiff additional funds
 
 *486
 
 to enable it to pay back real estate taxes. As security for that loan and to insure that payments would be made on the first mortgage, not held by Kaaterskill, plaintiff delivered to Kaaterskill a deed to the property which was to be held in escrow until August 15, 1970. It was agreed in writing that in the event the plaintiff failed to repay the loan by the specified date or to pay the interest and amortization due on the first mortgage on or before August 20, 1970, defendant Kaaterskill was authorized to record the deed. Plaintiff defaulted in repayment to Kaaterskill of the loan and in payment of the amortization and interest due on the first mortgage. However, Kaaterskill extended the time to meet these obligations. The new deadline fixed is a point of contention between the parties. Defendants, believing September 15 to be the last date for plaintiff to make the necessary payments, demanded payment, and when none was received recorded the deed on September 22, which deed bore the caption, “This Deed is Given in Lieu of Foreclosure”. Plaintiff asserted that the extended date to repay the loan was September 30 and that defendant Kaaterskill had no right to record the deed when it did. '
 

 The recorded deed, however, was insufficient to pass marketable title, as it did not have the required consents of the stockholders and the board of directors of plaintiff corporation. (Business Corporation Law, § 909.) Therefore, plaintiff asserts, defendants Kaaterskill and Alan Port-nick, as president and principal of Kaaterskill, induced plaintiff to forbear from suing Kaaterskill for the breach of their agreement, and defendants in turn agreed that, upon a sale of the property to a third party, plaintiff would be reimbursed, out of the proceeds of the sale, for the actual cash investment made by it in its original purchase of the property. Plaintiff delivered the necessary certificate certifying that the shareholders and directors of the corporation had approved the delivery of the deed to defendant Kaaterskill.
 

 Subsequently, defendant Kaaterskill completed the sale of the hotel to a third party. When plaintiff demanded payment in the amount of his investment, defendants refused and an action for compensatory and punitive dam
 
 *487
 
 ages was commenced. Two of the eight causes of actions alleged, all sounding in fraud, were charged to the jury; the remaining six were dismissed.
 

 The jury was instructed that “under the law and under the June 10th and 15th agreements [related to the loan from defendant] the plaintiff was obligated and required to provide the stockholder consent once the defendant recorded the deed on September 22nd”. There was no objection to this portion of the charge, nor to the court’s later instruction that punitive damages could only be allowed if they determined that the conduct of the defendant’s president constituted fraud and was malicious and reckless in its nature. Accordingly, the court’s charge on these issues is the law governing this case.
 
 (Bichler v Lilly & Co.,
 
 55 NY2d 571, 581, 584.)
 

 The jury returned a verdict awarding plaintiff nominal compensatory damages and $225,000 in punitive damages, apparently having determined that defendant’s president, Alan Portnick, had acted fraudulently in this transaction.
 
 [1]
 
 Defendants moved to set aside the verdict as to both compensatory and punitive damages. The motion was denied as to compensatory damages, but was granted as to punitive damages. In deciding the motion, the Trial Judge stated that the evidence was insufficient for the jury to conclude, as the charge required them to, that Portnick’s behavior was “malicious, vindictive or morally reprehensible [demonstrating the] intent of wanton and reckless behavior.” The Appellate Division unanimously reversed, on the law, the facts and in the exercise of discretion, and reinstated the jury verdict. For the reasons which follow, we conclude that the result reached by the trial court should be upheld.
 

 We hold that the jury, as charged, could not have found that Portnick’s conduct, even if fraudulent
 
 [2]
 
 was malicious
 
 *488
 
 and vindictive to justify awarding punitive damages or that his conduct was wanton and reckless.
 

 No fraudulent or morally culpable conduct could have been found to exist on the basis of the court’s, instruction to the jury, without exception, that the giving of the stockholders’ consent certificate to the defendant “is not a factor to be considered by you as to whether or not the plaintiff justifiably relied on [defendants’] promise of money because under the law and under the June 10th and 15th agreements, the plaintiff was obligated and required to provide the stockholder consent once the defendant recorded the deed on September 22nd” and that plaintiff may “not now justifiably claim that he was induced to give the stockholder consent to the defendant in reliance on defendant’s promise for money.” The court went on to charge that “the testimony with respect to the stockholders’ consent, although not a factor to be considered on the issue of fraud as such, it may be taken into consideration by you as effecting the credibility of the parties.”
 

 The further conduct complained of that defendants fraudulently induced the plaintiff to forbear from suing the defendants for the breach of their agreement to extend the time for the plaintiff to repay its loan to the defendant Kaaterskill and to refrain from pursuing an action against the defendants to set aside the deed improperly recorded in violation of their agreement, while perhaps constituting a breach of contract, does not demonstrate a malicious, vindictive or reckless act to support an award of punitive damages.
 

 While promises made to settle a dispute prior to litigation should be honestly made and honored, there was no proof presented, as required by the charge, that defendant acted “maliciously” or “recklessly” at the time he promised to reimburse plaintiff for his losses. All that has been shown is that defendant breached his agreement. Thus, the jury’s determination that defendant should be punished by assessing punitive damages is not supported by the record and that portion of the verdict should be set aside.
 

 
 *489
 
 Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, New York County, setting aside the jury verdict should be reinstated.
 

 Chief Judge Cooke and Judges Jones, Wachtler, Meyer and Simons concur.
 

 Order reversed, with costs, and the judgment of Supreme Court, New York County, reinstated.
 

 [1]
 

 . No actual compensatory damages were awarded. The jury had been charged that it was to assess the nominal amount of $1 if it determined that fraud had been committed, but damages could not be fixed because insufficient proof of pecuniary losses had been offered. The jury failed to assess the nominal damages as instructed, but inasmuch as the determination of the punitive damages depended on a finding of fraudulent conduct, the Judge assessed the $1 nominal damages.
 

 [2]
 

 . This appeal was limited by the parties to the question of the propriety of the punitive damages award. Plaintiff did not appeal from the award of nominal compensatory damages.