■ MARION L. JONES, Respondent, v HOSPITAL FOR JOINT DISEASES AND MEDICAL CENTER et al., Appellants. — Judgment, Supreme Court, New York County (Albert Blinder, J.), entered August 26, 1982 in plaintiff's favor after a trial and jury verdict, reversed, on the law and the facts, the award of punitive damages is stricken, and a new trial is ordered on the issue of compensatory damages only, without costs and without disbursements, unless plaintiff, within 20 days after service upon her of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the compensatory award in her favor to $1,250,000 and to entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment as so amended and reduced, is affirmed, without costs and without disbursements. Appeals from order of August 5, 1982 are dismissed as subsumed in the appeal from the judgment, without costs. After review of the record, the compensatory damages appear to us to be excessive to the extent indicated. Further a review of the record does not support the award of punitive damages. "Punitive or exemplary damages have been allowed in cases where the wrong complained of is morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant but to deter him, as well as others who might otherwise be so prompted, from indulging in similar conduct in the future." (*Walker v Sheldon,* 10 NY2d 401, 404.) "The basis for an award of exemplary damages *depends upon a showing* that the wrong is aggravated by evil or a wrongful motive or that there was willful and intentional misdoing, or a reckless indifference equivalent thereto." (*Le Mistral v Columbia Broadcasting System,* 61 AD2d 491, 495; emphasis supplied.) Plaintiff has not sustained that burden. Concur — Kupferman, J. P., Sandler, Silverman and Bloom, JJ.

Carro, J., dissents in part in a memorandum as follows: While I agree that the record does not support an award of exemplary damages against defendant Pelzer, I do not concur that the compensatory award should be further reduced. The trial court has already exacted a stipulation from plaintiff reducing the three million dollar verdict to $1,750,000 and that appears to be an adequate and fair award. Moreover, I personally find the negligence of the hospital staff

*in toto* to be so gross that I believe plaintiff erred in not seeking her punitive damages there. Be that as it may, in no way do I find it appropriate or necessary for us to further reduce the compensatory award beyond what has already been agreed to.