■ SOL DASHEW et al., Respondents, v DANIEL D. CANTOR, Appellant, et al., Defendants. — In an action, *inter alia,* for an accounting, defendant Daniel D. Cantor appeals from an order of the Supreme Court, Kings County (Hirsch, J.), dated May 20, 1983, which granted plaintiffs' motion for permission to serve a supplemental verified complaint asserting two additional causes of action against him.

Order modified, as an exercise of discretion, by granting the motion to the extent of striking from the supplemental verified complaint paragraphs "THIRTY-SIXTH" through "FORTY-THIRD", inclusive and the following language from the "WHEREFORE" clause: "and for the further sum of ONE HUNDRED THOUSAND ($100,000.) dollars as punitive damages". As so modified, order affirmed, without costs or disbursements.

Paragraphs "THIRTY-SIXTH" through "FORTY-THIRD" appear to raise allegations in the nature of abuse of process in this action. Such allegations are not properly part of a supplemental pleading, but should more appropriately be raised in an independent action (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.17, citing *Herzog v Herzog,* 43 Misc 2d 1062, 1063 [Gabrielli, J.]; *Pen Pat Motors v 104th St. Holding Corp.,* 22 Misc 2d 847, 852; *Stein v Baff,* 197 Misc 509, 510). Further, the allegations of fraud do not rise to such a level as would warrant a claim for punitive damages (see *Banco Nacional v Bremar Holdings Corp.,* 492 F Supp 364, 373-374; *Walker v Sheldon,* 10 NY2d 401, 404-406; see, also, *Reinah Dev. Corp. v Kaaterskill Hotel Corp.,* 59 NY2d 482; *Jones v Hospital for Joint Diseases & Med. Center,* 96 AD2d 498; *Frame v Horizons Wine & Cheese,* 95 AD2d 514; *Gale v Kessler,* 93 AD2d 744; *J.G.S., Inc. v Lifetime Cutlery Corp.,* 87 AD2d 810).

We have considered appellant's remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Brown and Eiber, JJ., concur.