*76 OPINION OF THE COURT
George E. Wade, Jr., J.
Based upon the credible evidence, the court credits the testimony of the plaintiff that, after the purchase of a 1978 Chevrolet Malibu automobile from the defendant by an alleged contract, dated November 14, 1984, for the sum of $2,800 plus sales tax of $239, the automobile was defective, in that the motor knocked, the odometer was defective and appeared to have been tampered with, and the windows and the air conditioner were not working properly; that when the car was returned to the defendant within the warranty period for repairs, defendant failed to repair the engine within the warranty period.
The alleged purchase agreement dated November 14, 1984, supplied by the defendant on its own form, contains the description of the vehicle, the purchase price and the signature of the plaintiff. Immediately before the line for the plaintiff’s signature appears these words, "This contract to be effective only when approved by the General Manager”. This language is clear and unambiguous and as this form was prepared by the defendant, it must be construed most strongly against the defendant. The line reserved to be signed by the general manager has not been signed.
The presentation of this form by defendant was merely an invitation to plaintiff to make an offer to purchase the motor vehicle. The signing by plaintiff was thus an offer to purchase requiring an acceptance of the offer by defendant by the action of the general manager signing said form on the proper line. This was not done. The failure of the defendant to have its general manager sign the form is conclusive proof that defendant did not accept plaintiff’s offer; thus, no contract existed between plaintiff and defendant even though plaintiff paid for and had taken delivery of the motor vehicle. Until this offer made by plaintiff was accepted, plaintiff could at any time revoke his offer. The court finds by a fair preponderance of the credible evidence that plaintiff’s action in attempting to persuade the defendant to repair the defects cited herein and the rejection of same by defendant, in this court’s opinion, constitutes a valid revocation of his offer. (See, Scutti Pontiac v Rund, 92 Misc 2d 881; Antonucci v Stevens Dodge, 73 Misc 2d 173.)
Accordingly, plaintiff is entitled to the return of all the money paid ($3,093) to the defendant, including sales tax.
The facts of this case are even more compelling. Not only *77 was the contract not executed according to the defendant’s conditions on its own printed form agreement, which is legally sufficient to grant judgment in favor of the plaintiff, but there are strong factual reasons as well.
Although plaintiff is in possession of the certificate of title, said certificate does not contain the required information as required by the Vehicle and Traffic Law § 2114, nor has defendant mailed or delivered the certificate to the Department of Motor Vehicles as required by said section. Rather, defendant has delivered it instead to the plaintiff.
The court also finds from the credible evidence that defendant has not only violated Vehicle and Traffic Law § 417, in that said vehicle was in such condition and repair that it could not be used satisfactorily to give adequate service upon the public highways (see, Natale v Martin Volkswagen, 92 Misc 2d 1046), but said defendant has also violated General Business Law § 198-b (commonly called the "Lemon Law”) in that defendant has failed to submit to the plaintiff a written warranty for the car purchased and has failed to repair the defects in the engine and other portions of said car within the warranty period.
It is without question that plaintiff is entitled to a return of all the money paid for the vehicle in question. However, plaintiff has requested punitive damages. "It is the public policy of this State to protect purchasers of used vehicles from being sold defective vehicles.” (See, Maure v Fordham Motor Sales, 98 Misc 2d 979, 983; Pierce v International Harvester Co., 61 NY2d 255; see, Vehicle and Traffic Law § 417; see also, General Business Law § 198-b.) In light of the fact that this court finds that the defendant has violated the public policy of this State with respect to the sale of the used car, in that defendant sold to plaintiff a defective vehicle and has violated various sections of the Vehicle and Traffic Law and the General Business Law, in relation thereto, the question presented is whether punitive damages can be awarded in the instant case.
Generally, punitive damages are awarded as punishment of a defendant for the wrong committed so as to deter that defendant and others from repeating such wrongful acts, to serve as a warning to others and to protect the public against similar acts. (See, Hamilton v Third Ave. R. R. Co., 53 NY 25 [1873]; Le Mistral v Columbia Broadcasting Sys., 61 AD2d 491 [1978].) Punitive damages are not generally available in a *78 mere breach of contract action. However, it has been held that it is not the form of the action that gives the court the right to award such damages, rather, it is the moral culpability of the defendant. (See, Hamilton v Third Ave. R. R. Co., 53 NY 25 [1873], supra.) Punitive damages are usually awarded in a breach of contract action where there is a showing of gross, wanton or willful fraud or of high moral culpability on the part of the defendant. (See, Reinah Dev. Corp. v Kaaterskill Hotel Corp., 59 NY2d 482 [1983].)
As stated above, defendant violated various sections of the Vehicle and Traffic Law by failing to turn over to plaintiff a properly completed certificate of title so that a new certificate of title could not be issued in plaintiffs name. Moreover, defendant turned over to plaintiff a defective vehicle without a written warranty in violation of the "Lemon Law”. Furthermore, defendant refused to correct such defect. Thus, despite the fact that the contract in question was determined to be invalid and despite the fact that the underlying action is based in contracts, the court holds that an award of punitive damages to plaintiff is proper because defendant’s actions, in total disregard of the public policy of this State, constituted such conduct which is morally culpable, actuated by evil and reprehensible motives as to amount to gross, wanton and willful fraud.
Consequently, the court awards compensatory damages against the defendant in the amount of $3,039 and punitive damages against defendant in the amount of $6,078.