■ MINISTRY OF CHRIST CHURCH, Appellant, v CARMEN P. MALLIA, Individually and as an Officer of Carmen Goody Pools, Inc., et al., Defendants, and SMITH PONTIAC CENTER, INC., Respondent.—Per Curiam. Appeal from an order of the Supreme Court (Mercure, J.), entered June 6, 1986 in Schenectady County, which granted defendant Smith Pontiac Center, Inc.'s motion for partial summary judgment dismissing the claim for punitive damages.

Plaintiff, a religious corporation, brought the instant action against defendants Carmen Paul Mallia, Carmen Goody Pools, Inc. (Carmen Goody), a corporation in which Mallia was an officer, and Smith Pontiac Center, Inc. (Smith Pontiac) for fraud, claiming both compensatory and punitive damages. The action arose out of a 1979 purchase of a Firebird Pontiac automobile from Smith Pontiac. Plaintiff alleges that it furnished the funds and authorized Mallia to act as agent in effecting the purchase of a vehicle and a transfer of title in its name. At the time of sale, Mallia presented to Smith Pontiac a copy of plaintiff's sales tax exemption certificate. At Mallia's request, Smith Pontiac conveyed title to Mallia, as minister. Mallia later transferred title to Carmen Goody and, in 1981, the car was repossessed. The complaint alleges that Mallia lacked authority to take title of the vehicle in his own name and that Smith Pontiac participated in the fraud by permitting the transfer of ownership to Mallia, with knowledge that the true purchaser was plaintiff, based upon the nontransferable sales tax exemption certificate of plaintiff that Mallia presented.

After issue was joined, Smith Pontiac moved to dismiss the complaint as against it on alternative grounds of legal insufficiency and the Statute of Limitations. Special Term (Williams, J.) denied the motion. Thereafter, the action was placed on a Trial Calendar and was assigned to Justice Thomas E. Mercure in 1986 under the then recently instituted Individual Assignment System (see, 22 NYCRR 202.3). Smith Pontiac then moved for partial summary judgment dismissing plaintiff's claim for punitive damages. Plaintiff appeals from the granting of the motion.

Plaintiff's first ground for reversal is that the motion sought relief which affected the prior order denying the motion to dismiss and, hence, should have been referred to the same Justice who heard the prior motion at Special Term (citing CPLR 2221). We disagree. The motion for partial summary judgment was based on the ground that plaintiff's evidence was insufficient, as a matter of law, to support the imposition of punitive damages. The granting of this motion in no way modified, vacated or otherwise directly affected the ruling on the prior motion, which was based solely on the sufficiency of the complaint as pleaded. We also note that the CPLR 2221 requirement of referral of motions to a Judge who granted an order on a prior motion has been modified to provide for consistency with the mandate of the Individual Assignment System that all motions in a case shall be addressed to the assigned Judge (see, CPLR 2221 [b], as amended by L 1986, ch 355, § 5; 22 NYCRR 202.8 [a]).

As to the merits, we agree with Supreme Court's determination that plaintiff failed to show a basis for the imposition of punitive damages against Smith Pontiac. In plaintiff's reply to a demand for a bill of particulars specifying the manner in which Smith Pontiac willfully, wantonly or knowingly committed a fraud, plaintiff stated that Smith Pontiac knowingly violated the Tax Law in passing title of the vehicle to Mallia after presentation of a sales tax exemption certificate issued to plaintiff, and thus "automatically entered into a fraud with Mr. Mallia". The uncontested averments of the moving affidavit state that Mallia held himself out to Smith Pontiac as a minister of plaintiff's church and presented authentication thereof by way of a certificate of ordination. As previously noted, title was conveyed to Mallia as minister. Even if Smith Pontiac violated the Tax Law and regulations directing that, if a sales tax exemption certificate is utilized in a purchase, the sale must be directly to the exempt organization (see, Tax Law § 1116 [a] [4]; 20 NYCRR 529.7 [h]), plaintiff nonetheless

has not shown that Smith Pontiac's conduct involved a fraud upon the public generally or was so gross, wanton, malicious or otherwise morally culpable as to warrant the imposition of punitive damages (see, Reinah Dev. Corp. v Kaaterskill Hotel Corp., 59 NY2d 482, 487-488; Borkowski v Borkowski, 39 NY2d 982, 983).

Order affirmed, with costs. Kane, J. P., Casey, Weiss and Yesawich, Jr., concur.