OPINION OF THE COURT
Harry R. Brown, J.
This is an application by defendant for an order pursuant to CPLR 3103 suppressing a report obtained by plaintiff from defendant prior to the institution of this action.
The facts reveal that on or about July 19, 1984 plaintiff visited defendant’s office complaining of a painful ankle. Defendant treated plaintiff at that time and again on August 21, 1984 at which time defendant referred plaintiff to an orthopedic surgeon. On or about July 12, 1985, the law firm of Shapiro & Yankowitz wrote to defendant regarding his treat *477 ment of plaintiff. In the letter, counsel stated that plaintiff had been in an automobile accident and had commenced an action for personal injuries as a result of said accident. Counsel further stated in the letter that they had been advised that plaintiff had come under defendant’s care for treatment as a result of the injuries sustained and requested that defendant provide them with a "full narrative report” with respect to defendant’s diagnosis of plaintiff’s condition, details of his treatment, his prognosis and a complete copy of his office records. Defendant responded with a letter dated July 17, 1985 in which he detailed his treatment of plaintiff.
Although the letter from plaintiff’s attorneys to defendant indicated that they represented plaintiff in a personal injury action resulting from a car accident, they did not represent plaintiff in such an action. In fact, plaintiff had not been in a car accident. In reality, plaintiff was contemplating a lawsuit against defendant and wished to obtain information regarding her treatment.
CPLR 3103 (a) provides that "[t]he court may at any time on its own initiative, or on motion of any party or witness, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.” Subdivision (c) of that section provides that if disclosure has been improperly or irregularly obtained, the court may make an appropriate order, including an order that the information be suppressed.
In this court’s opinion, defendant’s motion should be granted. Defendant was clearly misled when he prepared and provided plaintiff’s attorneys with the report regarding his treatment of plaintiff. Had plaintiff desired to obtain certain information to aid her in bringing her cause of action, an application could have been made pursuant to CPLR 3102 (c) for preaction disclosure. However, this court cannot sanction the deception, whether or not it was deliberate, used by plaintiff in obtaining defendant’s report. To permit plaintiff to use defendant’s report, prepared as it was under false pretenses, would result in substantial prejudice to defendant.
Accordingly, plaintiff will not be permitted to use the letter of defendant to plaintiff’s attorneys dated July 17, 1985, at trial. Further, any information contained in that letter which does not appear elsewhere shall suppressed.