■ ANTHONY J. AMADO et al., Respondents, v THOMAS J. ESTRICH et al., Appellants.—Order insofar as appealed from unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiffs brought this action to recover for injuries sustained by Anthony J. Amado when defendants' dog allegedly knocked him from his bicycle. At the time, defendants'

dog was running unattended and unleashed in violation of the Town of Penfield Leash Law. In response to plaintiffs' CPLR 3101 demand for photographs of all dogs "kept or harbored" or "owned" by defendants, their counsel provided six photographs one day before the scheduled deposition of the parties. Unknown to Anthony or his counsel, the photographs depicted two different dogs. Two photographs (Deposition exhibit Nos. 1-2) were of defendants' dog, a mixed-breed golden retriever named Bogart; four (Deposition exhibit Nos. 3-6) were of a neighbor's dog that resembled Bogart. The photographs of the neighbor's dog were obtained by defendants' counsel without defendants' knowledge. At the examination before trial, defendants' counsel presented the six photographs to Anthony and asked him if he could identify the dog that chased and struck his bicycle. Anthony testified that the dog shown in photographs 3-6 "resembled" the one who chased him but that the dog in photographs 1-2 did not because it appeared "redder by a lot". After learning that the four photographs were of another dog, plaintiffs moved to suppress Anthony's deposition testimony identifying the photographs, and defendants cross-moved for summary judgment dismissing the complaint or, in the alternative, dismissing the cause of action for punitive damages.

Supreme Court granted plaintiffs' motion to the extent of suppressing that portion of Anthony's deposition testimony that mistakenly identified the dog depicted in photographs 3-6 and denied defendants' motion for summary judgment in all respects.

Furnishing photographs of a neighbor's dog in response to the plaintiffs' demand for photographs of dogs "kept or harbored" or "owned" by defendants prejudiced a substantial right of plaintiffs, regardless of whether it was done with the intention to misrepresent or to deceive. By doing so, defendants' counsel implicitly represented that the photographs provided were of dogs owned or harbored by defendants. That constituted an abuse of the discovery process, and Supreme Court properly exercised its broad discretion in granting plaintiffs' motion to suppress that portion of Anthony's deposition testimony referable to photographs 3-6 (CPLR 3103 [c]; *see, Wilk v Muth,* 136 Misc 2d 476).

Viewing the evidence in the light most favorable to plaintiffs *(see, Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 363, *appeal dismissed* 58 NY2d 824), we find that Supreme Court correctly denied defendants' motion for summary judgment. There is an issue of fact whether Bogart's "ten-

dency * * * to do an act which might endanger another" *(Wheaton v Guthrie* [appeal No. 2], 89 AD2d 809, 810) constituted a vicious propensity, and violation of the Town Leash Law would itself be evidence of negligence *(see,* 5A Warren, New York Negligence, Instrumentalities, Animals, § 7.03). Defendants' disregard of or indifference to Bogart's roaming does not, however, rise to the level of egregious conduct required for the recovery of punitive damages *(see, Walker v Sheldon,* 10 NY2d 401; *Jones v Hospital for Joint Diseases & Med. Center,* 96 AD2d 498), and that claim should have been dismissed. The refusal to withdraw it voluntarily, however, does not justify an award of sanctions. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Deposition.) Present—Callahan, J. P., Boomer, Lawton, Boehm and Davis, JJ.