OPINION OF THE COURT
Robert L. Estes, J.
Plaintiffs commenced this action on or about November 15, 1986, seeking a judgment pursuant to RPAPL article 15, as well as for compensatory and punitive damages.
Defendants move for a protective order pursuant to CPLR 3103 barring plaintiffs’ use of a transcript of testimony given by defendants’ surveyor, George H. Fulton (Fulton), at an examination before trial held on March 4, 1988, and for costs and sanctions against plaintiffs.
The affidavit of defendants’ attorney satisfies the requirement of 22 NYCRR 202.7. It is clear from that affidavit and a review of exhibits F, G, H, I, and J, attached to said affidavit, that a telephone conference and correspondence between the attorneys have been unavailing in resolving this dispute.
THE FIRST EXAMINATION BEFORE TRIAL
The original attorney for the plaintiffs was Terence P. O’Leary of Walton, New York (O’Leary). The attorney for the defendants has at all times herein been Lazarus I. Levine of Liberty, New York (Levine). O’Leary and Levine agreed that Marco Lanzoni (Lanzoni), surveyor for the plaintiffs, and Fulton, surveyor for the defendants, would be deposed. It was agreed that Lanzoni would be deposed first by Levine and upon the conclusion of that examination, O’Leary would examine Fulton.
On March 4, 1988, the date agreed upon for the examinations before trial, Lanzoni was ill and did not appear for examination. Levine and O’Leary agreed that O’Leary could proceed with his examination of Fulton with the understanding that Fulton’s testimony would not be transcribed, i.e., Fulton’s testimony would not be available for Lanzoni’s review before Lanzoni was to be examined. This understanding was *930 reduced to a stipulation placed upon the record of the examination before trial made by shorthand reporter on March 4, 1988. Lanzoni died before he could be examined by Levine. Fulton’s testimony of March 4, 1988 was not transcribed.
THE SECOND EXAMINATION BEFORE TRIAL
On October 28, 1989, Rosemary Nichols (Nichols) of Clifton Park, New York, was substituted for O’Leary as plaintiffs’ attorney. Sometime thereafter, Nichols advised Levine that plaintiffs had engaged a new surveyor, Norman J. VanValkenburgh (VanValkenburgh). Levine consented to have his surveyor deposed after the deposition of Nichols’ surveyor, but only in lieu of the deposition conducted nearly four years earlier. By letter dated October 23, 1991, Levine confirmed his agreement to a new disposition. Prior to agreeing to this arrangement, Levine, citing his previous stipulation with O’Leary, had refused Nichols’ request to allow Fulton’s 1988 examination to be transcribed. In accordance with Levine’s letter, a completely new examination of Fulton was conducted by Nichols on December 11, 1991, which examination of Fulton followed Levine’s examination of VanValkenburgh. The ribbon copy of Fulton’s new examination was signed and sworn to by him on March 18, 1992 and forwarded to Nichols on March 23, 1992.
THE DISPUTE
By letter dated March 25, 1992, unbeknownst to Levine, Nichols requested that the shorthand reporter furnish her with a transcription of the March 4, 1988 examination of Fulton. The Supreme Court Reporter who operates the shorthand reporting service used for the 1988 examination provided an affidavit stating in relevant part: "I received a telephone call from Rosemary Nichols, Esq., who had been substituted as attorney for the plaintiffs in place of Mr. O’Leary, in which she asked me to transcribe the testimony given by Mr. Fulton on March 4, 1988 and to send it to her. She led me to believe that it was permissible for me to comply with her request since she said that Mr. Levine had consented thereto”. However, Levine had not so consented. Nichols forwarded a copy of the 1988 examination to Levine for Fulton’s signature. Levine refused to allow Fulton to sign the transcript, again citing his stipulation with O’Leary and his subsequent agreement with Nichols, allowing her a new exam *931 ination of Fulton on December 11, 1991. Plaintiffs took no additional measure to secure the use of the 1988 transcript before defendants brought on this motion for a protective order.
With respect to the first examination before trial of Fulton conducted in 1988, it is clear that the stipulation of O’Leary and Levine was placed on the record before the deposition. As such, the stipulation ought to bind the parties. Stipulations regarding disclosure are binding if they are in writing, if they are made in a court or before a Judge, or if they are made on a transcript, such as at a deposition. Counsel should be aware that agreements reached during depositions and placed on the record are binding. (Durst, Fuchsberg, and Kleiner, Modern New York Discovery § 2:1, at 21 [1983].)
Proof of an agreement not to transcribe testimony is, by its very nature, dependent upon the recollection of the parties to said agreement. Levine’s version of the agreement as sworn to in his affidavits on this motion is uncontroverted by affidavits from anyone with direct knowledge of same. Levine’s version is supported by the affidavit of the Supreme Court Reporter who operates the shorthand reporting service. The transcript obtained by Nichols in violation of the agreement and submitted by her to the court confirms in pertinent part Levine’s version of the agreement.
Unless otherwise provided by the CPLR or by the court, disclosure shall be obtained by stipulation or on notice without leave of court. CPLR 3102 (b) declares the "normal method” of seeking disclosure to be a stipulation between the parties or the mere service of a notice by one on the other. All stipulations must be in writing per CPLR 2104. Stipulations in regard to disclosure are not excepted from that rule, but often there may be nothing more than a piece of correspondence sent by one party to the other, memorializing the understanding, without the latter’s signature. Technically, the nonsigner is not bound, but disrespect of such understandings is not common, and disputes on the point have been few. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3102:2, at 309.)
With respect to the second examination before trial of Fulton, there is no sworn evidence contradicting Levine’s version of the agreement, i.e., that the first examination would not be transcribed, but a completely new examination of Fulton would be had by Nichols after Levine had examined V an V alkenburgh.
*932 Nichols had her new examination of Fulton and then proceeded to obtain from the reporter a transcript of the 1988 O’Leary examination of Fulton without notice to or consent of Levine in violation of both O’Leary’s agreement with Levine and of her own agreement with Levine.
CPLR 3103 (c) provides that "If any disclosure under this article has been improperly or irregularly obtained so that a substantial right of a party is prejudiced, the court, on motion, may make any appropriate order, including an order that the information be suppressed.”
In this court’s opinion, defendants’ motion should be granted. Plaintiffs attorney improperly obtained the transcript of the 1988 examination before trial of defendants’ surveyor, in clear violation of the agreements made by plaintiffs’ prior counsel and her own agreement with Levine. Plaintiffs’ counsel improperly informed the Supreme Court Reporter that defendants’ counsel had consented to the transcription of the 1988 examination, when, in fact, he had not consented. This court cannot sanction the deception, whether or not it was deliberate, used in obtaining the transcript of Fulton’s 1988 examination. To permit plaintiffs to use the transcript of the 1988 examination, obtained as it was, in violation of the agreements of counsel and under false pretenses, would result in substantial prejudice to defendants. (Wilk v Muth, 136 Misc 2d 476 [1987].)
Accordingly, plaintiffs will not be permitted to use the March 4, 1988 deposition at trial.
The defendants shall have and recover of the plaintiffs $100 motion costs. Unlike the conduct which resulted in a sanction to attorney’s fees according to the court’s decision herein dated January 30, 1992, upon defendants’ motion to preclude, the conduct herein described is not frivolous as defined at 22 NYCRR 130-1.1 (c). Therefore, no sanction will be imposed, though the court considers Nichols’ intentional misrepresentation of Levine’s consent to be morally reprehensible, and therefore, unethical. (Code of Professional Responsibility EC 1-5; DR 1-102 [A] [4] [22 NYCRR 1200.3 (a) (4)].)