■ NORCA CORPORATION, Appellant, v TOKHEIM CORPORATION et al., Respondents. [643 NYS2d 139] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Alpert, J.), entered April 11, 1995, which, *inter alia,* granted the respective motions of the defendants for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

If a firm offer is made for a specified period which is in excess of three months, the offer is subject to revocation at the expiration of the three month period (*see,* UCC 2-205, Comment 3; 2 Anderson, Uniform Commercial Code, § 2-205:11, at 242 [3d ed]; *see also, Mid-South Packers v Shoney's, Inc.,* 761 F2d 1117, 1121). An offer may be terminated by indirect revocation (*see,* Calamari & Perillo, Contracts § 2-20, at 97 [3d ed]). An offeror need not say "revoke" to effectuate a revocation (1 Farnsworth, Contracts § 3.17, at 249 [1990]). Where an offeror takes "definite action inconsistent with an intention to enter into the proposed contract", such action is considered a valid revocation (Restatement [Second] of Contracts § 43; *see also,* 1 Farnsworth, Contracts § 3.17, at 250 [1990]).

In the instant case, the defendant Saint Switch, Inc. (hereinafter Saint Switch), agreed to purchase the assets of the manufacturing pump division of the defendant Tokheim Corporation. On April 14, 1993, Saint Switch offered, on Tokheim Corporation letterhead, to sell fuel pumps to the appellant. The offer was firm until July 31, 1994. On August 18, 1993, more than three months after the original offer was made, Saint Switch forwarded to the appellant a new offer stating different price terms for the fuel pumps. On November 4, 1993, the appellant attempted to accept the original offer made on April 14, 1993.

We find that the offer made by Saint Switch on August 18, 1993, revoked its earlier offer made on April 14, 1993. The of-

fer made on August 18, 1993, was inconsistent with the original offer in that it had a different price term (*see,* Restatement [Second] of Contracts § 43; *see also,* 1 Farnsworth, Contracts § 3.17, at 249-250 [1990]). In addition, it was made prior to any effective acceptance on the part of the appellant (*see, Leigh v City of New York,* 33 NY2d 774; *Cintron v Royal Quality Used Cars,* 132 Misc 2d 75; *Antonucci v Stevens Dodge,* 73 Misc 2d 173). Accordingly, the Supreme Court properly granted the respective motions of the defendants for summary judgment.

The appellant's remaining contentions are without merit. Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.