■ HARVEY RUBIN, Respondent, v JAMES S. BAUMANN et al., Appellants. [52 NYS3d 3]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about July 22, 2016, which granted plaintiff's motion for partial summary judgment, unanimously reversed, on the law, with costs and the motion denied. Order, same court and Justice, entered July 25, 2016, which denied defendants' motion to strike plaintiff's motion, unanimously reversed, on the law, with costs and the motion granted. Appeal from order, same court and Justice, entered August 29, 2016, which granted defendants' motion for reargument but, upon reargument, adhered to its prior determination, unanimously dismissed, without costs, as academic.

We reject defendants' contentions that plaintiff's 2015 sale notice was too vague, that it was defective because it was sent by his attorney rather than plaintiff personally, that plaintiff's motion sought relief not sought in the complaint, and that the court improperly reformed the parties' contract. However, we agree with defendants' argument that plaintiff was not entitled to partial summary judgment because he failed to send defendant James S. Baumann a sale notice pursuant to paragraph 8.5.2 of the Operating Agreement.

Paragraph 8.5.2 provides, "If the Managers elect not to purchase the Interest of the Offering Members as above described and if the Offering Members still desire to sell the Interest, the Offering Members shall give the other Members a Sale Notice." Plaintiff contends that "the other Members" means "Members who are not Managers." However, defendants' interpretation—that "the other Members" means "Members other than the Offering Members"—makes at least as much sense as plaintiff's interpretation. Hence, the contract is ambiguous (see e.g. Telerep, LLC v U.S. Intl. Media, LLC, 74 AD3d 401, 402-403 [1st Dept 2010]). If a contract is ambiguous, "it cannot be construed as a matter of law" (id. at 402). Therefore, plaintiff was not entitled to summary judgment.

Plaintiff correctly states that "a contract should not be interpreted to produce an absurd result" (Macy's Inc. v Martha Stewart Living Omnimedia, Inc., 127 AD3d 48, 54 [1st Dept 2015] [internal quotation marks omitted]). However, requiring plaintiff to serve a second Sale Notice on other Members would

not produce an absurd result—it would merely give Baumann an additional 30 days (beyond his 120 days as Manager) to purchase plaintiff's interest in defendant 330 West 85, LLC.

Moreover, plaintiff's 2016 Sale Notice, which set an offer price of $9.7 million, is inconsistent with his 2015 Sale Notice, which set an offer price of $8.65 million (see Norca Corp. v Tokheim Corp., 227 AD2d 458, 458-459 [2d Dept 1996]). Although the 2016 Sale Notice says it is without prejudice to the 2015 notice, it would be improper for both notices to be effective at the same time. For example, it would allow plaintiff to skirt the two-year ban on subsequent Sale Notices in paragraph 8.5.3 if he failed to sell the building for a price that would net him and Baumann $9.7 million each. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Webber and Gesmer, JJ.