Funk v Seligson, Rothman & Rothman, Esqs. (2018 NY Slip Op 06614)





Funk v Seligson, Rothman & Rothman, Esqs.


2018 NY Slip Op 06614


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


653514/16 6878 6877

[*1]Neda Talebian Funk, et al., Plaintiffs-Respondents,
v
Seligson, Rothman & Rothman, Esqs., et al., Defendants-Appellants.


Seligson, Rothman & Rothman, Esqs., New York (Stewart Rothman and Martin S. Rothman of counsel), for appellants.
Santamarina & Associates, New York (Gil Santamarina of counsel), for respondents.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered February 6, 2017, in plaintiffs' favor against defendant Petit 5, LLC, in the amount of $55,180.60, unanimously reversed, on the law, without costs, the judgment vacated, and plaintiffs' motion for summary judgment denied. Appeal from order, same court and Justice, entered January 20, 2017, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Paragraph 25(d) of the agreement between plaintiffs and Petit states, "If no Commitment is issued by the Institutional Lender on or before the Commitment Date, ... [plaintiffs] may cancel this contract ..., provided that ... [they] ha[ve] complied with all [their] obligations under this paragraph 25." In turn, plaintiffs' obligations under paragraph 25 included making a prompt application to one or more Institutional Lenders, pursuing such application with diligence, and cooperating in good faith with the lender(s).
Plaintiffs' June 9, 2016 notice cancelling the contract merely stated that they had "complied with all their obligations under Paragraph 25." The following day, Petit's counsel (Alyne Diamond) asked plaintiffs' transactional counsel (Steven Mero) to provide documentation of their good-faith pursuit of financing.
Paragraph 25(d) is ambiguous (see generally Goldman Sachs Group, Inc. v Almah LLC, 85 AD3d 424, 426 [1st Dept 2011], lv dismissed 18 NY3d 877 [2012]). On the one hand, it could mean, as plaintiffs contend, that they only have to say they are in compliance. On the other hand, it could also mean, as defendants contend, that plaintiffs have to show they were in compliance; defendants did not have to accept plaintiffs' mere say-so.
"If a contract is ambiguous, it cannot be construed as a matter of law" (Rubin v Baumann, 148 AD3d 556 [1st Dept 2017] [internal quotation marks omitted]). Therefore, plaintiffs were not entitled to summary judgment (see id.).
Even if plaintiffs' June 9, 2016 notice were sufficient, there is an issue of fact as to whether plaintiffs withdrew it and agreed to proceed with the transaction if Petit agreed to extend the Commitment Date and closing, which it did. After defendants submitted Diamond's affirmation, detailing her dealings with Mero, plaintiffs failed to submit either an affirmation or an affidavit from him; hence, they are deemed to have admitted the facts in Diamond's affirmation (see e.g. Kuehne & Nagel v Baiden, 36 NY2d 539, 544 [1975]). Moreover, although the contract required plaintiffs' cancellation notice to be in writing, it did not require a withdrawal of the notice to be in writing.
Nevertheless, defendants are not entitled to summary judgment because their own submissions (i.e., some of their exhibits) showed that plaintiffs may have insisted on a new written contract. In other words, it is unclear whether plaintiffs agreed to proceed (a) if Petit postponed the Commitment Date and closing or (b) only if there were a new written agreement. [*2]"When parties do not intend to be bound until their agreement is reduced to writing and signed, there is no contract in the interim even if the parties have orally agreed upon all the terms of the proposed contract" (Chatterjee Fund Mgt. v Dimensional Media Assoc., 260 AD2d 159, 159 [1st Dept 1999] [internal citations omitted]; see also e.g. Scheck v Francis, 26 NY2d 466, 469 [1970]). The doctrines of promissory estoppel, equitable estoppel, and part performance do not entitle defendants to summary judgment, either.
An additional issue of fact arises from paragraph 25(a), which states, "[A] commitment conditioned on the Institutional Lender's approval of an appraisal shall not be deemed a Commitment' hereunder until an appraisal is approved (and if that does not occur before the Commitment Date, [plaintiffs] may cancel under paragraph 25 ... (d) unless the Commitment Date is extended)" (emphasis added). It is undisputed that Petit extended the Commitment Date; however, it did not do so in writing, and the contract requires all modifications to be in writing signed by the party to be charged. However, "a contractual prohibition against oral modification may itself be waived" (Rose v Spa Realty Assoc., 42 NY2d 338, 343 [1977]), and waiver is usually a question of fact (see e.g. Fundamental Portfolio Advisors, Inc. v Toqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]; Alsens Am. Portland Cement Works v Degnon Contr. Co., 222 NY 34, 37 [1917]).
If it is ultimately determined that defendants should have returned plaintiffs' down payment on or about June 20, 2016, it may be entitled to interest at the statutory rate of 9% from that date forward (see J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 117 [2012]; NML Capital v Republic of Argentina, 17 NY3d 250, 258 [2011]).
Seligson contends that, since the court dismissed all of plaintiffs' claims against it, the court should have granted Seligson summary judgment on its counterclaim for indemnification. However, even if Seligson forewent income when one or more of its lawyers defended it in this action instead of working for paying clients, it cites no authority for the proposition that such foregone income constitutes the type of "reasonable attorneys' fees" for which plaintiffs and Petit are required to indemnify it.
In light of our reversal of the grant of summary judgment to plaintiffs, defendants' argument that they needed discovery to oppose the motion is academic.
It is unclear whether defendants are arguing that paragraph 5(B) of the contract entitles them to summary judgment. If so, that argument is unavailing, as it did not give Petit the unilateral right to adjourn the Commitment Date (as opposed to the closing).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK