■ COWAN, LIEBOWITZ & LATMAN, P. C., Appellant, v NEW YORK TURKEY CORPORATION, Defendant, and ELI BARZVI, Respondent. — Order, Supreme Court, New York County (Blyn, J.), entered November 29, 1984, which denied plaintiff's motion to confirm the report of the referee to the extent that it found service on the individual defendant Barzvi proper, and which vacated an order of the Supreme Court, New York County (Sandifer, J.), dated September 30, 1983, which had directed an inquest and assessment of damages, unanimously reversed, on the law and the facts, the referee's report confirmed, and the order directing an inquest and assessment of damages reinstated, with costs and disbursements.

Plaintiff's process server attempted to serve the individual defendant, Barzvi, at his place of business. When he arrived outside the plant, he was stopped by a security guard who

refused to allow access to either the plant itself or to Barzvi's office. When the process server informed the security guard that he had legal papers to serve upon the defendant and asked "who is in charge of taking service of papers", the security guard responded "I am". Based thereon, the process server served the security guard and later that day mailed a copy of the summons and complaint to Barzvi's home.

After hearing the uncontradicted testimony of the process server, Special Referee Colgan issued a report finding the service upon the individual defendant to be proper pursuant to CPLR 308 (2). While Special Term rejected this report, we would confirm it.

The security officer was certainly a "person of suitable age and discretion" to whom service could be delivered pursuant to CPLR 308 (2), especially in view of the fact that he refused to permit the process server access to the defendant's office and then informed him that he could accept service of legal papers on defendant's behalf. (*See, Braun v St. Vincent's Hosp. & Med. Center,* 57 NY2d 909; *duPont, Glore Forgan & Co. v Chen,* 41 NY2d 794.)

Since we now hold jurisdiction to be proper, the inquest and assessment of damages should be reinstated. The individual defendant has neither offered a reasonable excuse for his failure to answer the complaint nor has he demonstrated a meritorious defense to the underlying action. Concur — Murphy, P. J., Sullivan, Bloom, Milonas and Ellerin, JJ.