Order, Supreme Court, New York County (Edward H. Lehner, J-), entered July 11, 2007, which, insofar as appealed from, denied defendant’s motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint as against him in his individual capacity, unanimously affirmed, without costs.
Plaintiff satisfied the burden of establishing personal jurisdiction over defendant by service pursuant to CPLR 308 (2). At the traverse hearing, the process server testified that he delivered the summons with notice to a suitable person at defendant’s place of business, and that this person accepted the documents before handing them back and directing him to place them in defendant’s mailbox (see Cowan, Liebowitz & Latman v New York Turkey Corp., 111 AD2d 93 [1985]). The process server also stated that the following day he mailed a copy of the summons with notice to defendant’s place of business. There is no basis for disturbing the court’s findings as to the credibility of the process server (see Schorr v Persaud, 51 AD3d 519 [2008]). Furthermore, although plaintiff failed to list the individual defendant’s name on the mailing envelope, this did not render service on him invalid, since the summons gave ample notice to defendant, an attorney, that he was being sued in his individual capacity (see Albilia v Hillcrest Gen. Hosp., 124 AD2d 499 [1986]).
We have considered defendant’s remaining contentions and find them unavailing. Concur — Andrias, J.P., Saxe, Gonzalez, Catterson and Acosta, JJ.