■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMAD ISLAM, Appellant. [997 NYS2d 904]—Judgment, Supreme Court, Bronx County (Diane Kiesel, J.), rendered October 5, 2012, convicting defendant, after a nonjury trial, of attempted assault in the third degree (two counts), attempted endangering the welfare of a child, menacing in the third degree and harassment in the second degree, and sentencing him to an aggregate term of one year of probation, unanimously affirmed.

The verdict was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342 [2007]). There is no basis for disturbing the court's credibility determinations, including its finding that the victim's testimony was credible in some respects but not others. Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.

■ COTAG S.A.R.L., Respondent, v KARIM BEN KHALIFA, Appellant. [1 NYS3d 88]—Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 18, 2013, awarding plaintiff the total amount of $476,119.57, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 15, 2013, which denied defendant Karim Ben Khalifa's (defendant) motion to vacate his default, adopted the report of the special referee, and directed the Clerk of the Court to enter judgment in plaintiff's favor against defendants, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant contends that his default should have been vacated because he was not properly served with the summons and complaint. However, he completely fails to address the August 6, 2012 order which—as a result of his failure to comply with a June 12, 2012 discovery order—deemed his address as of the date of service to be a specific address in Manhattan. Under those circumstances, service on the concierge at that address was proper (*see generally Cowan, Liebowitz & Latman v New York Turkey Corp.*, 111 AD2d 93 [1st Dept 1985]).

The special referee's findings were supported by the record; hence, the IAS court properly confirmed the special referee's report (*see generally Freedman v Freedman*, 211 AD2d 580 [1st Dept 1995]).

Defendant's remaining arguments (e.g., that the complaint should be dismissed pursuant to CPLR 3211 [a] [1] and [7], when defendants never made such a motion below) are not properly before us on this appeal, or improperly rely on "documents dehors the record" (*Sunrise Capital Partners Mgt. LLC v Glattstein*, 115 AD3d 602, 602 [1st Dept 2014]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.