Vista Eng'g Corp. v Everest Indem. Ins. Co. (2021 NY Slip Op 00136)





Vista Eng'g Corp. v Everest Indem. Ins. Co.


2021 NY Slip Op 00136


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 302991/15 Appeal No. 12843 Case No. 2019-03686 

[*1]Vista Engineering Corporation, Plaintiff-Respondent,
v
Everest Indemnity Insurance Company, Defendant-Appellant, East Coast Painting & Maintenance, et al., Defendants.


Kennedys CMK LLP, New York (Ann Odelson of counsel), for appellant.
Baxter Smith & Shapiro, P.C., White Plains (Sim R. Shapiro of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about July 29, 2019, which granted plaintiff Vista Engineering Corporation's (Vista) motion to renew, and upon renewal, granted the motion for summary judgment declaring that Vista is an additional insured under the policy issued by defendant Everest Indemnity Insurance Company (Everest) to East Coast Painting & Maintenance (East Coast), that Everest's disclaimer to Vista was untimely, that Everest is required to indemnify Vista as an additional insured and compensate Vista for attorney's fees and costs in the underlying action, and denied Everest's cross motion to amend its answer to assert a cause of action for rescission of the insurance policy at issue, unanimously affirmed, with costs.
Insurance Law § 3420(d)(2) applies when (1) a policy covers risks located in New York, and (2) the insured is located in New York. An insured company is "located in" New York if it has a "substantial business presence there" (Carlson v American Intl.Group, Inc., 30 NY3d 288, 306 [2017]; Vista Eng'g Corp. v Everest Indem. Ins. Co., 161 AD3d 596 [1st Dept 2018]).
There is no dispute that the policy here covers risks located in New York. Further, Vista submitted sworn testimony showing that East Coast did not perform any physical work at its New Jersey office, that East Coast maintained a space in New York to stage or coordinate its work and store equipment, and that all of East Coast's workers at the time of the underlying incident were hired from a New York based painting union, and that East Coast's work on the subject painting project took two years to complete and cost approximately $2 million. The motion court properly determined, based on this evidence, that East Coast has a substantial business presence in New York, and consequently is "located in" New York for purposes of Insurance Law § 3420(d)(2). Accordingly, the prompt disclaimer requirements of the statute applied.
Although the protections of Insurance Law § 3420(d)(2) are inapplicable to one insurer's claim for contribution from another insurer (see Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 91-92 [1st Dept 2005]), here, Vista's insurer was not seeking contribution on its own behalf, but acting on behalf of Vista for Vista's coverage (see J.T. Magen v Hartford Fire Ins. Co., 64 AD3d 266, 272 [1st Dept 2009], lv dismissed 13 NY3d 889 [2009]). Accordingly, Insurance Law § 3420(d)(2) applied, and Everest's disclaimer, issued two months after its third-party administrator requested a copy of Vista's contract with the New York City Transit Authority and a copy of the full underlying complaint, and with no explanation as to the two-month delay, was untimely as a matter of law (see Juvenex Ltd. v Burlington Ins. Co., 63 AD3d 554 [1st Dept 2009]). Everest's claim that the order appealed should be reversed to the extent it permits Vista to recover any amounts paid by Colony, which had been defending [*2]Vista in the underlying action, (see Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d at 92-93) is not properly before us, as Colony, Vista's insurer, is not a party to this action and has not asserted any claims against Everest.
Everest's motion to amend to assert a claim for rescission against Vista is unavailing. Everest has failed to establish a sufficient showing of merit (cf. MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]).
Everest's claim that Supreme Court prematurely awarded Vista summary judgment on the issue of indemnification is based on documents outside the record and will not be considered (see Cotag S.A.R.L. v Khalifa, 124 AD3d 465 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021