Louis B. Heller, J.
In this action for a separation as well as for an alleged conversion, the plaintiff at the inception of the trial before this court moved to amend the wherefore clause of the third cause of action for separation predicated upon cruel and inhuman treatment so as to be one for divorce pursuant to section 170 of the Domestic Relations Law.
*1082 This motion is the first of its kind in this court under the revised Domestic Relations Law which became effective September 1, 1967. The plaintiff in her motion seeks such relief on condition, however, that she be not compelled to proceed to conciliation as provided by the statute and, if such request is denied, then she will proceed to trial on her causes of action as presently constituted and as if the instant motion was never made.
Defendant, on the other hand, consents to such amendment provided that the plaintiff will proceed to conciliation in accordance with sections 211 and 215 of the Domestic Relations Law. The pertinent portions of both sections read as follows: § 211. 1 ‘ An action for divorce * * * shall be commenced by the service of a summons. A verified complaint in such action may not be served until the expiration of one hundred twenty days from the date of service of the summons or the expiration of conciliation proceedings under article eleven-B of this chapter, whichever period is less. ’ ’
Section 215 et seq. sets forth the format and structure of the conciliation proceedings under article eleven-B of this chapter, the commencement of an action for divorce. § 215-c. “ Conciliation conference after commencement of an action for divorce, a. Within ten days after the commencement of an action for divorce, the party plaintiff in such action shall file with the conciliation bureau * * * a notice of commencement of such action. Failure to file the notice as required herein shall be deemed a discontinuance of the cause of action.”
It can readily be seen that before a party plaintiff in a divorce action can proceed to serve a complaint, the condition precedent of conciliation must be complied with. Approaching the instant application the court finds at least one impediment standing in its way in order to grant plaintiff the conditional relief she seeks. The plaintiff in seeking to make use of the new statute must by necessity comply with all its procedural aspects and stay within its ambit. She cannot accept that portion which suits her convenience and fancy and reject that portion which displeases her.
The court cannot override the clear mandate of the statute which directs conciliation in divorce actions, and since plaintiff has clearly indicated a refusal to submit to such conciliation, the motion is denied. No implication is to be drawn that had the plaintiff not raised objections to conciliation proceedings that the motion herein would have been granted.
Plaintiff’s motion to dismiss the second affirmative defense alleged in the answer to the amended complaint of the separation *1083 action is granted. CPLR 601 permits the joinder of any claim of one party against the other in one complaint. The salutary purpose of the section is to avoid multiplicity of suits so that the aggrieved party can obtain complete relief in one action. Further, the court has the authority to determine any question as to title to any real or personal property arising between the parties in the matrimonial action (Domestic Relations Law, § 234; Silbert v. Silbert, 22 A D 2d 893, affd. 16 N Y 2d 564).
Defendant’s motion to seal the records of the matters alleged in plaintiff’s affidavits is granted.
The parties are directed to proceed to trial in the separation action on the adjourned date.