John H. Galloway, Jr., J.
This motion by plaintiff, denominated one to “amend” her complaint, presents an issue of virtual first impression in this court under the new divorce law (L. 1966, ch. 254, amdg. Domestic Relations Law, § 170) which became effective September 1, 1967 (cf. Saunders v. Saunders, 54 Misc 2d 1081). The action was originally brought for a judicial separation on allegations of cruel and inhuman treatment and of conduct rendering it unsafe and improper for the plaintiff to cohabit with the defendant. Under the new law one of the grounds for divorce is the following: “The cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant.” By this application, made subsequent to the effective date of the new law, plaintiff seeks to amend her complaint so as to demand judgment of absolute divorce or, in the alternative, a judicial separation. In all other respects the allegations of the complaint are to remain the same. In other words, plaintiff wishes to add a cause of action for divorce upon the same factual allegations which presently support her demand for a separation.
The defendant does not actively oppose plaintiff’s motion, stating merely in an affidavit by his attorney that the issue raised is one of law for the court.
*8 Leave to serve an amended or supplemental pleading may be given at any time and such should, by statutory direction, be freely given (CPLR 3025, subd. [b]; Linsky v. Boston Ins. Co., 24 A D 2d 836). CPLR 3025 (subd. [b]) contains no limitation on the type of amendments peimitted, the statutory mandates extending to the courts the widest possible latitude, and, by permitting a supplemental pleading to set forth ‘ ‘ additional or subsequent transactions or occurrences ” on the same terms as an amended pleading, allows the exercise of the same broad discretion by the court as in the case of amendments (Rice v. Viemeister, 25 A D 2d 815; Greenwald v. Howard Stores Corp., 24 A D 2d 626). Inasmuch as the availability of amendments and supplemental pleadings is governed by similar standards, the form requested should make no difference. (Town Bd. of Fallsburgh v. National Sur. Corp., 53 Misc 2d 23, 24.) Moreover, in determining whether to grant leave the court should not become involved in the merits of the litigation or the sufficiency of the pleadings, any question of the sufficiency of the complaint or answer being left to a motion addressed specifically to that issue, unless merit is plainly lacking and the allowance of the amendment or supplement would be idle (Town Bd. of Fallsburgh v. National Sur. Corp., supra).
In our opinion the possible avoidance of two actions and the ends of justice will be better served by the granting of plaintiff’s application (Sovik v. Sovik, 282 App. Div. 794; Homer v. Homer, 282 App. Div. 699; Herzog v. Herzog, 43 Misc 2d 1062; cf. Ann., 98 ALR 2d 1264). In the last-cited case the plaintiff moved to serve a supplemental complaint adding to her cause of action for separation one for absolute divorce. The court granted the motion, stating in part (p. 1063) : “ One of the most important statements of the Revisers of the Civil Practice Law and Rules regarding supplemental pleadings is that 3025, subd. (b) intends the ‘ widest possible discretion ’ to be lodged in the court; so wide that the court may allow a supplemental pleading to supply a cause of action ‘ even if the pleader had no cause of action at the time of the original pleading but has subsequently acquired and stated one in a supplemental pleading ’. (See 1st Report, Legis. Doc. [1957], No. 6 [b], p. 78.) ”
That language applies as well to the matter at hand. The motion is granted, on condition that plaintiff comply with all the procedural requirements of new section 211 and article 11-B of the Domestic Relations Law with respect to conciliation proceedings. In our opinion the cause of action for divorce, pursuant to new section 170 (subd. [1]) of the Domestic Rela *9 tions Law, for which leave to plead by amendments is hereby granted, arises and the action based thereon is commenced subsequent to September 1, 1967, the effective date of the new statutes (Domestic Relations Law, §§ 170, 211; art. 11-B). The plaintiff consequent^ “ must by necessity comply with all its procedural aspects ” in seeking the benefit of the new relief of divorce granted by said statutes (Saunders v. Saunders, supra, p. 1082).