■ DONNA M. NEWMAN, as Administratrix of the Estate of ROGER R. JEWELL, Deceased, Respondent, v TOWN OF YORK et al., Defendants, and WILLIAM C. LARSEN, P. E., P. C., et al., Appellants and Third-Party Plaintiffs-Appellants, et al., Third-Party Plaintiffs. P. S. BRUCKEL, INC., Third-Party Defendant-Respondent. (Appeal No. 2.)

We modify the order by denying the motions for summary judgment dismissing the third-party complaint. The sole issue raised by the parties on appeal was whether the indemnity agreement unequivocally expressed an intention that Larsen Engineers is to be indemnified for any liability arising out of a violation of Labor Law § 240, whether or not it was negligent. In granting summary judgment dismissing Larsen Engineers' third-party complaint, Supreme Court held that the agreement did not unequivocally express such intent. We disagree.

The indemnity agreement need not contain express language referring to the negligence of the indemnitee. All that is required is that "the intention to indemnify can be clearly implied from the language and purposes of the entire agreement, and the surrounding facts and circumstances" *(Margolin v New York Life Ins. Co., 32 NY2d 149, 153).* The indemnity clause in the contract executed by P. S. Bruckel, Inc. provides that the contractor shall perform all work in compliance with "all * * * state laws * * * which in any manner affect the work * * * and the Contractor shall indemnify and save harmless the Owner and its officers and agents against any claim or liability arising from or based on the violation of any such laws, ordinances or regulations." This provision clearly evinces the intention that the contractor is to indemnify the agent of the owner, Larsen Engineers, from any liability Larsen may incur because of a violation of any State statute, including a violation of section 240 of the Labor Law. (Appeal from order of Supreme Court, Livingston County, Houston, J.—Labor Law § 240.) Present—Dillon, P. J., Boomer, Pine, Balio and Lawton, JJ.