■ JOSEPH M. CLARK, Plaintiff, v TAYLOR WINE COMPANY, INC., Appellant, and SOMAT CORPORATION, Respondent. (And a Third-Party Action.)—Kane, J. P. Appeal from an order of the Supreme Court (Ellison, J.), entered April 4, 1988 in Schuyler County, which granted defendant Somat Corporation's motion for leave to serve an amended answer.

In 1980, defendant Somat Corporation (hereinafter Somat) sold a piece of equipment known as a Cellulose Press Aid System to defendant Taylor Wine Company, Inc. (hereinafter Taylor). The agreement between the parties limited Somat's liability: "on any * * * claim of any kind, including negligence, for any loss or damage arising out of, connected with, or resulting from this contract, or from the performance or breach thereof, or from the manufacture, sale, delivery, resale, repair or use of any product covered by or furnished under this contract shall in no case exceed the price allocable to the product * * * which gives rise to the claim."

The agreement further provided that Somat's liability: "whether in contract, tort, strict liability, or under any warranty, or otherwise, SHALL NOT EXCEED THE PURCHASE PRICE RECEIVED BY IT AND SHALL IN NO EVENT INCLUDE ANY CONSEQUENTIAL, INCIDENTAL, PUNITIVE OR OTHER SPECIAL DAMAGES."

Thereafter, in two separate actions which have since been consolidated, plaintiff sued both Somat and Taylor for personal injuries he allegedly suffered as a result of using the

equipment sold to Taylor by Somat. After the actions were consolidated, Somat moved for leave to serve an amended answer in the place of its first answer. The amended answer included two cross claims against Taylor. The first was for contractual indemnification based upon the above-quoted language of the agreement while the second was for common-law indemnification. Taylor opposed only the addition of the first cross claim, arguing that it failed to state a cause of action and claiming that the language at issue did not constitute an indemnification agreement. Supreme Court, however, permitted service of the answer with both cross claims. Taylor appeals.

We affirm. In so doing, we note that leave to amend is to be freely given and should be denied only when the causes of action set forth in the amendment are "palpably insufficient on their faces" *(Prosser v Gouveia, 98 AD2d 992, 993).* Unless that is the case, a court should not examine the merits or legal insufficiency of the proposed amendments *(Newton v Aqua Flo Co., 106 AD2d 919, 920).* Here, in our view, the proposed cross claim states a viable cause of action and the asserted insufficiencies are not "clear and free from doubt" *(Sentry Ins. Co. v Kero-Sun, Inc., 122 AD2d 204, 205).* The language at issue is not so explicit in its terms that it can be said as a matter of law that the limitations of liability were not intended as provisions for indemnity *(see, Yogurts Intl. v Grand Union Co., 92 AD2d 936; cf., Augsbury v Adams, 108 AD2d 978, 979).* An indemnity agreement need not contain express language creating an obligation to indemnify. "All that is required is that 'the intention to indemnify can be clearly implied from the language and purposes of the entire agreement, and the surrounding facts and circumstances' " *(Newman v Town of York, 140 AD2d 936, 937, appeal dismissed 72 NY2d 952, quoting Margolin v New York Life Ins. Co., 32 NY2d 149, 153).* While the agreement may eventually be determined not to provide for indemnification, such a determination cannot be made at this stage. Therefore, Supreme Court properly allowed the amendment *(see, Blasch v Chrysler Motors Corp., 93 AD2d 934, 935).*

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.