■ ROBERT CHIARELLO, Appellant, v HAROLD SYLVAN, P. C., et al., Respondents.—Yesawich, Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered March 27, 1989 in Dutchess County, which granted

defendants' cross motion for partial summary judgment dismissing plaintiff's second and third causes of action.

This lawsuit arises out of defendants' claimed mishandling of a medical malpractice action which they were prosecuting on plaintiff's behalf. Three causes of action are asserted: the first alleges professional negligence; the second charges that defendants fraudulently conveyed nonexistent settlement offers to plaintiff at a time when defendants assertedly knew plaintiff's medical malpractice case had been dismissed pursuant to CPLR 3404 for neglect to prosecute; and the third seeks treble damages pursuant to Judiciary Law § 487 based on the alleged fraud and deceit that defendants, while acting as plaintiff's attorneys, practiced upon him. Supreme Court granted defendants partial summary judgment dismissing plaintiff's second and third causes of action, prompting plaintiff to appeal. We affirm.

Initially, we note that Supreme Court did not abuse its discretion in concluding that a 1983 denial of the parties' respective motions for summary judgment, because triable fact issues were found to exist, did not preclude the instant summary judgment motion. When the earlier motion was made discovery had not even been initiated. In contrast, the current application is based on facts elicited during discovery, which has been fully completed (see, Cohen v New York Herald Tribune, 63 Misc 2d 87, 103-104; see also, Siegel, NY Prac § 287, at 342; cf., Telaro v Telaro, 25 NY2d 433, 437).

Nor are we amenable to plaintiff's challenge to the timeliness of defendants' cross motion for summary judgment, made in response to plaintiff's motion to have the case at bar restored to the calendar. Defendants timely hand delivered notice of their cross motion three days prior to the return date of plaintiff's motion (see, CPLR 2215). And although the notice arrived after 5:00 P.M., the statute does not mandate that service occur before any particular hour, nor define the number of hours in three days. In any event, untimeliness alone does not warrant denying a meritorious summary judgment motion (Kule Resources v Reliance Group, 49 NY2d 587, 591).

As to the merits of this controversy, the second cause of action, sounding in fraud, requires of plaintiff that he establish by clear and convincing evidence that defendants, either recklessly or with an intent to deceive, made false representations upon which plaintiff relied to his damage (see, Jo Ann Homes at Bellmore v Dworetz, 25 NY2d 112, 119; Orbit Holding Corp. v Anthony Hotel Corp., 121 AD2d 311, 314). Defendants, as movants, adequately carried their burden of proving

that this cause of action is without merit *(see, Greiner-Maltz Co. v Kalex Chem. Prods.,* 142 AD2d 552, 553). To document their claims that they were unaware the medical malpractice action had been dismissed and that the settlement offers they conveyed were legitimate, defendants included a copy of the medical malpractice defense counsel's October 1981 letter to the calendar clerk asking that the case be dismissed under CPLR 3404 and the clerk's response striking the case from the calendar. Neither letter indicated that a copy had been forwarded to defendants. Defendants also submitted affidavits in which they unequivocally attest that they never received this correspondence nor otherwise discovered the true status of the case. The affidavits assert further that the settlement offers did in fact exist.

Responding, plaintiff has furnished his and his attorney's affidavits which contain only unsubstantiated suppositions that because the medical malpractice action had been stricken from the court calendar in 1975, the medical malpractice defendants must never have made the proposed settlement offers. Plaintiff has submitted no other evidence to support his hypothesis that defendants fabricated false settlement offers to conceal the fact that the case had been dismissed.

More fundamentally, and granting plaintiff every favorable inference which can be drawn from his papers, he did not establish that, even assuming that the offers were concocted, he detrimentally relied in any way on the misrepresentations. Plaintiff testified during his examination before trial that he would have acted no differently had the offers been legitimate; he still would have rejected them. It is urged on his behalf, however, that had he known the underlying medical malpractice action had been dismissed, he would have accepted what he then considered inadequate compensation rather than receive nothing. A corollary argument advanced is that he relied on the existence of the offers as proof that the malpractice action was still alive. The fact that plaintiff may have been lulled into a false sense of security about the viability of his case does not, without more, constitute detrimental harm, an essential element of a fraud cause of action *(see generally,* 60 NY Jur 2d, Fraud and Deceit, § 167, at 688-691). Even assuming that defendants deceived plaintiff as to the status of his case, if, as plaintiff maintains, the settlement offers never existed, then he suffered no injury when he rejected the fabricated offers and, hence, no cause of action accrued *(see,* 60 NY Jur 2d, Fraud and Deceit, § 164, at 683).

Moreover, as already noted, there was no intent to deceive

demonstrated and therefore no fraud, for the record shows that defendants did not know the case had been stricken from the calendar, and furthermore that the settlement offers were indeed bona fide. Thus, the second cause of action was properly dismissed *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067).

Plaintiff has failed to tender anything more than conclusory allegations, having no basis in fact, that the settlement offers communicated to him were other than legitimate. Therefore, the third cause of action, which has as its gravamen attorney misconduct which deceives the court or a party, was also rightly dismissed for no deception was shown to have occurred.

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.