18 THOMAS SANFORD, Appellant, v JOAN SANFORD, Respon-

dent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from (1) a judgment of the Supreme Court, Dutchess County (Martin, J.H.O.), entered October 12, 1989 which, after a nonjury trial, dismissed the complaint and awarded the defendant wife $15,000 counsel fees, $1,216.73 disbursements, and $11,675 appraisal fees, and (2) a money judgment of the same court, entered December 6, 1989, which is in favor of the defendant in the sum of $28,034.03, on the awards of counsel fees, disbursements, and appraisal fees.

Ordered that the judgments are affirmed, with one bill of costs.

A divorce may be granted on the basis of cruel and inhuman treatment which so endangers the plaintiff's physical or mental well-being that it would be unsafe or improper for the plaintiff to continue cohabiting with the defendant (see, Domestic Relations Law § 170 [1]). Proof of irreconcilable or irremedial differences, proof that the marriage is " 'dead' ", or proof that no useful purpose would be served by perpetuating the marriage are insufficient to establish cruel and inhuman treatment (see, Brady v Brady, 64 NY2d 339, 345; Kennedy v Kennedy, 91 AD2d 1200). We find that the plaintiff failed to demonstrate a course of conduct by the defendant spouse which is harmful to the physical and mental well-being of the plaintiff and makes cohabitation unsafe or improper. Therefore, the court properly dismissed the plaintiff's cause of action for a divorce based on the ground of cruel and inhuman treatment (see, Del Gatto v Del Gatto, 142 AD2d 545).

Additionally, there is no merit to the plaintiff's contention that the court erred when it denied his motion to conform the pleadings to the proof to add a cause of action sounding in abandonment. Leave to amend the pleadings should be freely given absent prejudice or surprise resulting directly from the delay and the decision to allow or disallow amendment is committed to the court's discretion (see, CPLR 3025 [c]; General Elec. Co. v Towne Corp., 144 AD2d 1003). Generally, in determining whether to grant leave to amend, the court should not become involved in the merits of the litigation or the sufficiency of the pleadings, unless merit is plainly lacking (see, Fitzpatrick v Fitzpatrick, 55 Misc 2d 7; see also, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.29). At bar, the record clearly shows that a cause of action sounding in abandonment could not be sustained.

The court's award of counsel fees, disbursements, and appraisal fees was proper. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.