■ SERGE DOS, Respondent-Appellant, v SCELSA & VILLA-CARA et al., Appellants-Respondents. [607 NYS2d 68] —In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Cannavo, J.), dated May 29, 1991, which denied their motion to set aside a jury verdict in favor of the plaintiffs as based upon legally insufficient evidence, and (2) a judgment of the same court, entered June 4, 1991, which is in favor of the plaintiff and against them in the principal sum of $200,000, and the plaintiff cross-appeals, as limited by his notice of cross appeal and brief, from stated portions of the same judgment, which, inter alia, impliedly denied his motion to conform the pleadings to the proof.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the order is vacated, the defendants' motion to dismiss the complaint is granted, the plaintiff's motion to conform the pleadings to the proof is denied, and the complaint is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff commenced this action, inter alia, to recover damages for legal malpractice, alleging in relevant part that the defendants were liable for their failure to commence a lawsuit against the University of Vermont and its officials for publishing allegedly defamatory statements about him. However, in order to hold the defendants liable the plaintiff must establish that he would have prevailed in the underlying action if the defendants had exercised reasonable care (see, Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine, 45 NY2d 730; Flinn v Aab, 167 AD2d 507; Mahoney v Manfredi, 166 AD2d 557; Parksville Mobile Modular v Fabricant, 73 AD2d 595).

The plaintiff's underlying lawsuit is premised on three letters written by certain officials of the University of Vermont College of Medicine to the plaintiff's prospective employers with respect to a residency in surgery which the plaintiff had undergone at that institution between July 1960 and June 1961. The letters stated, in pertinent part, that the plaintiff's certificate of residency had been revoked following his departure from that institution on the ground that evidence had been uncovered to strongly suggest that the plaintiff had "attempted to lose or destroy hospital records assigned to him for completion". Three hospitals to which the defendant had applied for employment rejected him after seeking and receiving these letters.

The parties concede, and we agree, that the defendants' statements are qualifiedly privileged. The shield provided by a qualified privilege may be dissolved, however, if a plaintiff can demonstrate that a defendant made the statements with "malice", i.e., with spite or ill-will, or with knowledge of their falsity, or in reckless disregard of their truth or falsity (see, Liberman v Gelstein, 80 NY2d 429, 437-438; Loughry v Lincoln First Bank, 67 NY2d 369, 376; Park Knoll Assocs. v Schmidt, 59 NY2d 205, 211; O'Rorke v Carpenter, 55 NY2d 798, 798-799). In addition to proving malice the plaintiff bears the burden of establishing the falsity of the statements (see,

*Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 380, *cert denied* 434 US 969; *Brady v Ottaway Newspapers,* 84 AD2d 226, 242-243).

We find that the plaintiff failed to meet his burden of proving the falsity of the accusations of impropriety. By his own evidence-in-chief, the plaintiff produced allegations that 29 incomplete medical records which had been assigned to him had been found in a lake in Vermont by State police and that four days before his residency was to end the medical records librarian reported that the plaintiff still had 23 records to complete. At trial the plaintiff merely denied these accusations. These general denials of wrongdoing without evidentiary facts to support the plaintiff's position are insufficient, as a matter of law, to establish that the accusations are false *(see, Rinaldi v Holt, Rinehart & Winston, supra,* at 382).

We disagree with the plaintiff's contention that the court erred when it denied his motion to conform the pleadings to the proof to add a cause of action sounding in fraud. Although leave to amend the pleadings should be freely given absent prejudice or surprise resulting directly from the delay *(see,* CPLR 3025 [c]; *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23; *Murray v City of New York,* 43 NY2d 400, 405), leave to amend should not be granted where a new or alternate theory is plainly lacking in merit *(see, Sanford v Sanford,* 176 AD2d 932, 933). Here, the plaintiff failed to plead detrimental reliance, an essential element of a fraud cause of action *(see, LaBrake v Enzien,* 167 AD2d 709, 711; *Chiarello v Harold Sylvan, P. C.,* 161 AD2d 948, 950; *cf., Green v Leibowitz,* 118 AD2d 756, 758). Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.