■ 262-64 HIGBIE LANE, INC., Respondent, v TOWN BOARD OF THE TOWN OF ISLIP et al., Defendants, and ANAK GAS KING, INC., Appellant. [699 NYS2d 909] —In an action, *inter alia,* for a

judgment declaring that the plaintiff has an easement over certain property owned by the defendant Anak Gas King, Inc., or that the plaintiff is the owner by adverse possession of the subject property, the defendant Anak Gas King, Inc., appeals from so much of (1) an order of the Supreme Court, Suffolk County (Seidell, J.), entered October 2, 1998, as denied its motion for summary judgment, and (2) a separate order of the same court, also entered October 2, 1998, as granted the plaintiff's motion which was, in effect, for leave to amend the amended complaint.

Ordered that the orders are reversed insofar as appealed from, on the law, with one bill of costs, the motion for summary judgment is granted, the plaintiff's motion, in effect, for leave to amend the amended complaint is denied, the amended complaint is dismissed insofar as asserted against the appellant, the action against the remaining defendants is severed, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that the plaintiff does not have an easement over the appellant's property.

The plaintiff's cause of action alleging ownership by adverse possession was defeated by evidence that its use of the appellant's property was not adverse (see, Belotti v Bickhardt, 228 NY 296, 302; Greenberg v Sutter, 257 AD2d 646; Turner v Baisley, 197 AD2d 681). Moreover, in response to the appellant's prima facie case that the plaintiff did not have an easement over the subject property, the plaintiff failed to raise a triable issue of fact regarding this question. Accordingly, the appellant was entitled to judgment as a matter of law declaring that the plaintiff does not have an easement over its property (see, CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557).

The plaintiff's motion, denominated as one to file a supplemental complaint, was, in essence, a motion for leave to amend the amended complaint since it set forth additional theories of liability without adding new facts to those already pleaded (see, e.g., Carco, Inc. v Beltrone Constr. Co., 183 AD2d 984; see also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:9, at 359, C3025:8, at 359). Although leave to amend should generally be freely given, the plaintiff's motion should have been denied since the additional theories of liability asserted in the proposed pleading, to wit, the existence of an easement by prescription and an easement by necessity, lack merit (see, Crimmins Contr. Co. v City of New York, 74 NY2d 166, 170; ICC Bridgeport Ltd. Partnership v Primrose Dev. Corp., 221 AD2d 417, 418; Dos v Scelsa & Vil-

*lacara,* 200 AD2d 705, 707). Thompson, J. P., Krausman, H. Miller and Schmidt, JJ., concur.