*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015                    519093
_____

ANGELO RUOTOLO,
                    Appellant,

            v                              MEMORANDUM AND ORDER

FANNIE MAE et al.,
                    Respondents.
_____

Calendar Date:  February 19, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

                    _____

        Angelo Ruotolo, Cornwall, appellant pro se.

        Sweeney Gallo Reich & Bolz, LLP, Rego Park (Rashel M.
Mehlman of counsel), for Fannie Mae, respondent.

        Catania, Mahon, Milligram & Rider, PLLC, Newburgh (Ari I.
Bauer of counsel), for Patty Conti and others, respondents.

                    _____

Clark, J.

        Appeal from an order of the Supreme Court (Mott, J.),
entered March 12, 2014 in Ulster County, which granted
defendants' motions to dismiss the complaint.

        Plaintiff commenced the instant action pro se in November
2013 alleging that defendants Patty Conti, Patty Conti Realty,
Margaret Stewart and Marilyn VanAken (hereinafter collectively
referred to as the realty defendants) had breached a fiduciary
duty to him and engaged in deceptive business practices and false
advertising (see General Business Law §§ 349, 350), and that
defendant Fannie Mae had also engaged in deceptive business
practices and false advertising.  These allegations — which stem

from plaintiff's unsuccessful attempt to purchase a foreclosed property in the Town of New Paltz, Ulster County — had formed part of a federal action that was initiated by plaintiff in early 2012 and dismissed in March 2013 without prejudice to plaintiff's right to pursue his state law causes of action in state court (see Ruotolo v Fannie Mae, 933 F Supp 2d 512 [SD NY 2013], appeal dismissed 2013 US App LEXIS 16911 [2d Cir, June 5, 2013, No. 13-1307]). After the instant complaint was filed and served, both the realty defendants and Fannie Mae moved for dismissal of the complaint pursuant to CPLR 3211 (a) (5) and (7). Supreme Court granted the motions and dismissed the complaint, and plaintiff now appeals arguing that the complaint must be reinstated because the decision to grant defendants' motions to dismiss was based on a ruling that did not fully consider the documents he submitted.

Preliminarily, we note that defendants' pre-answer motions to dismiss were both timely served and, therefore, properly entertained by Supreme Court. Next, we do not agree that Supreme Court failed to consider papers timely filed in opposition to Fannie Mae's motion. Rather, based upon the content of Supreme Court's well-reasoned decision, we conclude that these papers were, in fact, considered — as they should have been — and that the lack of specific reference thereto at the end of the decision was likely a typographical oversight. Contrary to plaintiff's argument on appeal, the record demonstrates that Supreme Court applied the appropriate legal standards in determining this motion to dismiss (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Gizara v New York Times Co., 80 AD3d 1026, 1030 [2011]) and afforded plaintiff every possible inference while liberally construing the allegations within the complaint.

Finally, plaintiff has abandoned any issues related to the merits of the dismissal of his complaint, as his brief is silent on the issues of statutes of limitations and the elements required to successfully assert a cause of action for fraud (see Lindquist v County of Schoharie, 126 AD3d 1096, ___, 2015 NY Slip

Op 01852, *1 n 1 [2015]).[1]  In any event, were we to address the merits, we would nonetheless stand by Supreme Court's determinations that plaintiff's causes of action fell outside the applicable statutes of limitation (see CPLR 214 [2]; Corsello v Verizon N.Y., Inc., 18 NY3d 777, 789-790 [2012]) and that plaintiff had failed to state a cause of action for fraud against Fannie Mae and the realty defendants (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; McColgan v Brewer, 112 AD3d 1191, 1193 [2013], lv denied 24 NY3d 911 [2014]; see also CPLR 3016 [b]).

Peters, P.J., McCarthy and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  While the realty defendants filed a brief with respect to the subject appeal, they correctly noted that the only issue before this Court is whether Supreme Court erred in not considering certain documents submitted in opposition to Fannie Mae's pre-answer motion to dismiss.  On this basis, the realty defendants took no position with respect to this issue but argued that plaintiff's general request to reinstate the complaint should be denied.