■ SHANE FERGUSON et al., Respondents, v RONALD R. HART JR., Appellant, et al., Defendants. [56 NYS3d 624]—

McCarthy, J.P. Appeal from an order of the Supreme Court (Sise, J.), entered November 18, 2015 in Fulton County, which granted plaintiffs' motion to conform the pleadings to the proof and amend the complaint.

Plaintiffs and defendants own adjoining parcels of land within a subdivision that was created by the filing of a subdivision plat in 1892. In August 2012, plaintiffs brought this action against defendants under RPAPL article 15 to quiet title to two paper streets. As clarified in their brief, the premise of

plaintiffs' action was that they had "claim[ed] title to [the] two
. . . paper streets by adverse possession under written instru-
ment."[1] Defendants Ronald R. Hart Jr., John J. Ryan and Laura
S. Ryan (hereinafter collectively referred to as defendants)
answered, denying plaintiffs' claims and raising several affir-
mative defenses.[2] In particular, defendants contended that
plaintiffs had an implied easement as to the two papers streets,
and that, therefore, plaintiffs' use of the paper streets was not
hostile so as to support an adverse possession claim (*see e.g.
Carman v Hewitt*, 280 App Div 866, 866 [1952], *affd* 305 NY
718 [1953]; *see generally Sinicropi v Town of Indian Lake*, 148
AD2d 799, 800 [1989] [hostile possession is "an actual invasion
of or infringement upon the owner's rights"]).[3] After a nonjury
trial, plaintiffs moved to conform the pleadings to the proof. In
their motion, plaintiffs contended that the proof established
both that any easement was abandoned such that plaintiffs'
subsequent use of the property was hostile and that RPAPL
1951 (2) permitted them to extinguish any easement associated
with the two paper streets. Supreme Court granted the motion,
and Hart now appeals. We reverse.

While leave to amend pleadings should be freely given absent
prejudice to an opposing party, leave must be denied when the
amendments are "palpably insufficient on their faces" (*Clark v
Taylor Wine Co.*, 148 AD2d 908, 909 [1989] [internal quotation
marks and citation omitted]; *see Holst v Liberatore*, 105 AD3d
1374, 1374 [2013]). "[A]bandonment [of an easement] occurs
through the holder's nonuse, combined with the holder's inten-
tion to abandon" (*Janoff v Disick*, 66 AD3d 963, 966 [2009]).
These two requisite elements cannot be conflated, and it is
well-settled that "abandonment does not result from nonuse
alone, no matter how long, inasmuch as owners are not
required to make use of their property" (*Janoff v Disick*, 66
AD3d at 966; *see Gerbig v Zumpano*, 7 NY2d 327, 331 [1960];

1. To the extent that plaintiffs' complaint, liberally construed, could have
been interpreted as alleging that plaintiffs held superior deed title to the
paper streets (*see generally Ruotolo v Fannie Mae*, 127 AD3d 1442, 1443
[2015], *appeal dismissed* 26 NY3d 983 [2015]), they clarified at trial, during
opening statements, that "this is a claim for adverse possession," and, as
indicated, similarly limited their claim to adverse possession on this appeal.

2. At the commencement of this action, John Ryan and Laura Ryan were
owners of certain lots within the subdivision. Laura Ryan died during the
pendency of this action and John Ryan, surviving his wife, conveyed all of his
right, title and interest in the lots to Hart.

3. The parties stipulated that RPAPL 511 and 512, in effect prior to the
2008 amendments to RPAPL article 5, governed this action (*see generally* L
2008, ch 269; *Quinlan v Doe*, 107 AD3d 1373, 1374 n 1 [2013], *lv denied* 22
NY3d 854 [2013]).

*Gold v Di Cerbo*, 41 AD3d 1051, 1053 [2007], *lv denied* 9 NY3d 811 [2007]). In their motion, plaintiffs alleged that the proof that the paper streets went undeveloped and unused for a prolonged period of time established the requisite intent to abandon an easement. Because nonuse, as a matter of law, does not establish intent to abandon, and given that plaintiffs did not allege that the proof showed any other acts that would be cognizable in satisfying the requirement of "unequivocal [acts] . . . clearly demonstrat[ing] the owner[s'] intention to permanently relinquish all rights to [an] easement" (*Janoff v Disick*, 66 AD3d at 966 [internal quotation marks and citation omitted]; *see Gerbig v Zumpano*, 7 NY2d at 331), plaintiffs' proposed amendment regarding abandonment of any easement is palpably insufficient on its face (*see Jones v LeFrance Leasing Ltd. Partnership*, 127 AD3d 819, 821 [2015]; *Hartford Cas. Ins. Co. v Vengroff Williams & Assoc.*, 306 AD2d 435, 437 [2003]; *Dos v Scelsa & Villacara*, 200 AD2d 705, 707 [1994], *lv dismissed and denied* 84 NY2d 840 [1994]; *Sanford v Sanford*, 176 AD2d 932, 933 [1991]).

The same is true of plaintiffs' amendment relying on RPAPL 1951 (2). Pursuant to RPAPL 1951 (1) and (2), a negative easement can be declared or determined to be unenforceable and a court may adjudge that the restriction "shall be completely extinguished" in the event that the court finds that, "at the time the enforceability of the restriction is brought in question[,] . . . the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment" (*see Orange & Rockland Util. v Philwold Estates*, 52 NY2d 253, 265 [1981]).

For RPAPL 1951 (2) to have any relevance to plaintiffs' adverse possession claim, the provision would have to permit plaintiffs to both extinguish an easement on Hart's property, rather than on their own, and to extinguish the easement with retroactive effect, so that plaintiffs could prove that they thereafter used the paper streets in a hostile manner for at least 10 years (*see generally Albright v Beesimer*, 288 AD3d 577, 578 [2001]). As the Court of Appeals has made clear, the Legislature intended for RPAPL 1951 (2) to make "available to owners of parcels burdened with outmoded restrictions an economical and efficient means of getting rid of them" (*Orange & Rockland Util. v Philwold Estates*, 52 NY2d at 265 [internal quotation marks and citation omitted]). As the Legislature intended for

the provision to allow landowners to seek the extinguishment of restrictions on their property, the provision does not permit plaintiffs to extinguish an easement on Hart's property. Moreover, the relevant inquiry for RPAPL 1951 focuses on "the time the enforceability of the restriction is brought in question" (RPAPL 1951 [1]). That time frame is a plain indication that any act by a court in extinguishing a restriction would not apply to a time prior to when the enforceability of the restriction was challenged. Therefore, as RPAPL 1951 (2) does not permit plaintiffs to retroactively extinguish an easement on Hart's property, it is inapplicable to plaintiffs' adverse possession claim. Accordingly, plaintiffs' amendment relying on RPAPL 1951 (2) is palpably insufficient on its face (see *Jones v LeFrance Leasing Ltd. Partnership*, 127 AD3d at 821; *Hartford Cas. Ins. Co. v Vengroff Williams & Assoc.*, 306 AD2d at 437; *Dos v Scelsa & Villacara*, 200 AD2d at 707; *Sanford v Sanford*, 176 AD2d at 933; *Beck v Motler*, 42 AD2d 1020, 1020-1021 [1973] [the defendants' motion to amend answer was "palpably insufficient" when statutory provisions that they relied on in amendments were "clearly inapplicable"]). Given the foregoing, plaintiffs' motion to conform the pleadings to the proof and amend the complaint should have been denied. This determination renders Hart's remaining contentions academic.

Egan Jr., Lynch, Devine and Clark, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.