Obstfeld v Thermo Niton Analyzers, LLC (2019 NY Slip Op 00609)





Obstfeld v Thermo Niton Analyzers, LLC


2019 NY Slip Op 00609


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2015-05517
 (Index No. 500152/09)

[*1]Lawrence A. Obstfeld, et al., appellants, 
v
Thermo Niton Analyzers, LLC, et al., respondents.


Michelman & Robinson, LLP, New York, NY (Jon Schuyler Brooks of counsel), for appellants.
Stanley K. Shapiro, New York, NY (T. Christopher Donnelly, pro hac vice, of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion and unjust enrichment, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated May 21, 2015. The judgment, upon, among other things, a decision of the same court dated May 4, 2015, made after a nonjury trial, is in favor of the defendants and against the plaintiffs, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs; and it is further,
ORDERED that on the Court's own motion, the parties are directed to show cause why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, against the plaintiffs pursuant to 22 NYCRR 130-1.1(c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue, including the amounts of legal fees incurred by the defendants in connection with this appeal, in the office of the Clerk of this Court and serving one copy of the same on each other on or before March 1, 2019; and it is further,
ORDERED that the Clerk of this Court, or her designee, is directed to serve the respective parties with a copy of this decision and order by regular mail.
The plaintiff Morningside Consulting Group, Inc., doing business as Morningside Capital Group (hereinafter Morningside), by its managing partner, the plaintiff Lawrence A. Obstfeld, entered into an agreement (hereinafter the Agreement) with the defendants' predecessor in interest, Niton Corporation (hereinafter Niton). Under the Agreement, Morningside agreed to assist Niton, on an exclusive basis, as a financial advisor for the purpose of finding a joint venture partner, a strategic investor, or some other business combination. The Agreement provided, inter alia, that it "shall be cancelable on sixty days notice by either party after August 1, 2002."
In September 2002, the parties entered into an addendum to the Agreement (hereinafter the Addendum), which stated, inter alia, that Morningside was granted "the exclusive right to act as financial advisor for Niton for the next two rounds of institutional fundraising [*2]following the present round, as well as for any investment or merger/acquisition transaction or IPO." Although the Addendum gave Morningside the exclusive right to act as Niton's financial advisor for further fundraising, including a possible merger or acquisition, the Addendum did not abrogate the provision in the Agreement that gave the parties the right to end their relationship upon 60 days' written notice (see Obstfeld v Thermo Niton Analyzers, LLC, 112 AD3d 895, 897-898).
In a letter dated June 6, 2003, Niton's attorney wrote to Morningside to provide "formal notice" of Niton's decision to "terminat[e]" the Agreement, as modified by the Addendum. This letter operated to cancel the Agreement by its own terms no later than 60 days thereafter, or August 6, 2003 (see id. at 898).
Approximately two years later, in March 2005, Niton was acquired by Thermo Fisher Scientific, Inc. Niton was renamed Thermo Niton Analyzers, LLC, and became a subsidiary of Thermo Fisher Scientific, Inc. The terms of the acquisition were set forth in an agreement titled "Niton LLC Member Interest Purchase Agreement" (hereinafter the Purchase Agreement), which provided, among other things, that Thermo Fisher Scientific, Inc., would purchase all outstanding member interests in Niton.
The plaintiffs commenced this action against Thermo Niton Analyzers, LLC, and Thermo Fisher Scientific, Inc. (hereinafter together the defendants), by filing a summons with notice dated June 9, 2009. In a complaint dated November 13, 2009, the plaintiffs asserted four causes of action.
The first cause of action was asserted by Obstfeld and alleged that Obstfeld held certain "Member Interests" in Niton and that he was therefore entitled to certain payments in connection with the acquisition of Niton by Thermo Fisher Scientific, Inc. The plaintiffs alleged that those payments were due when "certain identified triggering events" occurred. Although the complaint acknowledged that these payments were eventually made to Obstfeld, the plaintiffs alleged that the defendants failed to make those payments "when they became due." The first cause of action alleged that the defendants "thereby converted property belonging to Obstfeld."
The second cause of action was also asserted by Obstfeld and alleged that the defendants' failure to timely compensate Obstfeld for his member interests in Niton permitted the defendants to make use of such compensation for a period of between 18 and 30 months. The second cause of action alleged that the defendants "thereby unjustly enriched themselves at the expense of Obstfeld."
The third and fourth causes of action were asserted by Morningside and alleged that the defendants failed to make certain payments to Morningside in accordance with the terms of the Agreement. Accordingly, the third and fourth causes of action sought to recover damages for breach of contract.
The defendants subsequently moved for summary judgment, inter alia, dismissing the third and fourth causes of action. In an order dated April 9, 2012, the Supreme Court, among other things, denied those branches of the defendants' motion. The defendants appealed from that order. On appeal, this Court reversed the order dated April 9, 2012, insofar as appealed from, and granted those branches of the defendants' motion which were for summary judgment dismissing the third and fourth causes of action (see id. at 896).
On February 2, 2015, a nonjury trial was held on the remaining two causes of action. In a subsequent decision dated May 4, 2015, the Supreme Court determined that the first and second causes of action must be dismissed. The court thereafter issued a judgment dated May 21, 2015, in favor of the defendants and against the plaintiffs, in effect, dismissing the complaint. The plaintiffs appeal from the judgment.
We agree with the Supreme Court's determination to dismiss the first cause of action, which sought to recover damages for conversion. In their answer, the defendants asserted, as their [*3]twelfth affirmative defense, that "[t]he [c]omplaint is barred by the applicable statute of limitations." On appeal, the plaintiffs argue that the defendants failed to adequately raise a statute of limitations defense in their answer because "[a] statute of limitations . . . does not bar a complaint'; it bars only a cause of action." It requires no citation of authority to conclude that this argument is without merit.
The plaintiffs further argue that the defendants "waived" the statute of limitations defense insofar as it pertained to the first cause of action. Contrary to the plaintiffs' contention, the defendants' opposition to a prior motion to strike the twelfth affirmative defense did not operate as a "judicial admission" or otherwise serve to "waive" any portion of the defendants' statute of limitations defense (cf. CPLR 3211[e]).
Although the plaintiffs, notably, do not specifically address the substantive merits of the statute of limitations issue, we agree with the Supreme Court's determination that the first cause of action was time-barred. A cause of action alleging conversion is subject to a three-year limitations period (see CPLR 214[3]). "[A]ccrual runs from the date the conversion takes place . . . and not from discovery or the exercise of diligence to discover" (Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44-45). Here, the conversion allegedly occurred when the defendants failed to make timely payments that were allegedly due to Obstfeld in connection with the acquisition of Niton by Thermo Fisher Scientific, Inc. Obstfeld testified at the nonjury trial that these payments were due on April 14, 2006. Inasmuch as this action was not commenced until June 9, 2009, more than three years after the cause of action alleging conversion accrued, the first cause of action was time-barred (see CPLR 214[3]; Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d at 44-45).
The plaintiffs next contend that the Supreme Court should have permitted them to amend the complaint to conform to the evidence "so as to add a cause of action for breach of contract" on behalf of Obstfeld. Although the plaintiffs' attorney indicated at the outset of the trial that he was "going to ask the Court" to amend the pleadings to add an "independent contract claim" that was not otherwise described, he sought no such relief when he actually moved pursuant to CPLR 3025 after the close of evidence. Rather, the plaintiffs' motion to conform the pleadings to the proof was directed to other matters, including the plaintiffs' request to add a cause of action premised upon alleged violations of chapter 93A of the Massachusetts General Laws. Accordingly, the plaintiffs' contention that the court should have permitted them to amend the complaint to add a cause of action to recover damages allegedly sustained by Obstfeld for breach of the Purchase Agreement is not properly before this Court (see Matter of Ga Young Lee v Charl-Ho Park, 16 AD3d 986, 988; see also Cotag S.A.R.L. v Khalifa, 124 AD3d 465, 465; Matter of DelGaudio v Aetna Ins. Co., 262 AD2d 641).
The plaintiffs also contend that the Supreme Court should have granted their motion, made at the close of evidence, to add a cause of action premised upon alleged violations of chapter 93A of the Massachusetts General Laws. Although this argument is preserved for appellate review by virtue of the fact that the plaintiffs sought this relief at trial, it is nevertheless without merit.
Under CPLR 3025, a party may amend a pleading "at any time by leave of court" (CPLR 3025[b]), "before or after judgment to conform [the pleading] to the evidence" (CPLR 3025[c]; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411). "Applications to amend pleadings are within the sound discretion of the court, and that of the Appellate Division" (Kimso Apts., LLC v Gandhi, 24 NY3d at 411). "Although leave to amend the pleadings should be freely given absent prejudice or surprise resulting directly from the delay, leave to amend should not be granted where a new or alternate theory is plainly lacking in merit" (Dos v Scelsa & Villacara, 200 AD2d 705, 707 [citations omitted]; see Ferguson v Hart, 151 AD3d 1242, 1243; 262-64 Higbie Lane v Town Bd. of Town of Islip, 267 AD2d 377, 378-379; Sanford v Sanford, 176 AD2d 932, 933; see also Thomas Crimmins Contr. Co. v City of New York, 74 NY2d 166, 170).
Here, we agree with the Supreme Court's determination that Obstfeld could not, as a matter of law based upon the trial evidence, maintain a cause of action premised upon violations of chapter 93A of the Massachusetts General Laws inasmuch as that statutory cause of action is only [*4]applicable to activity that "occurred primarily and substantially within the commonwealth [of Massachusetts]" (Mass Gen Laws ch 93A, § 11), and to commercial transactions between separate business entities (see Selmark Assocs. v Ehrlich, 467 Mass 525, 549-550, 5 NE3d 923, 941-942; Milliken & Co. v Duro Textiles, LLC, 451 Mass 547, 563-564, 887 NE2d 244, 259-260; Szalla v Locke, 421 Mass 448, 451, 657 NE2d 1267, 1269). Under the circumstances, the court providently exercised its discretion in denying the plaintiffs' motion to add a cause of action premised upon alleged violations of chapter 93A of the Massachusetts General Laws (see Ferguson v Hart, 151 AD3d at 1243; 262-64 Higbie Lane v Town Bd. of Town of Islip, 267 AD2d at 378-379; Dos v Scelsa & Villacara, 200 AD2d at 707; Sanford v Sanford, 176 AD2d at 933).
The plaintiffs further contend that the they were entitled to summary judgment on the third and fourth causes of action and, alternatively, that they should have been permitted to present proof relevant to the third and fourth causes of action at the trial. In light of this Court's previous determination on a prior appeal awarding summary judgment dismissing the third and fourth causes of action (see Obstfeld v Thermo Niton Analyzers, LLC, 112 AD3d at 896), the plaintiffs' arguments on this appeal are without merit.
The plaintiffs' remaining contentions are also without merit and do not warrant any further discussion.
Since the plaintiffs have raised arguments on this appeal that appear to be "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c][1]), the appeal may be frivolous (see Carbone v US Bank N.A., 156 AD3d 678, 680; Curet v DeKalb Realty, LLC, 127 AD3d 914, 916; Caplan v Tofel, 65 AD3d 1180, 1181-1182). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions in connection with this appeal should or should not be imposed on the plaintiffs.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court