Matter of Perkins v Town of Dryden Planning Bd. (2019 NY Slip Op 03874)





Matter of Perkins v Town of Dryden Planning Bd.


2019 NY Slip Op 03874


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527589

[*1]In the Matter of BRADLEY P. PERKINS, as President of the Willow Glen Cemetery Association, et al., Appellants,
v
TOWN OF DRYDEN PLANNING BOARD et al., Respondents, et al., Respondents.

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Maines Firm, PLLC, Ithaca (Russell E. Maines of counsel), for appellants.
True, Walsh & Sokoni, LLP, Ithaca (Khandikile Mvunga Sokoni of counsel), for Town of Dryden Planning Board, respondent.
Hancock Estabrook, LLP, Syracuse (Janet D. Callahan of counsel), for Sun8 PDC LLC and another, respondents.



MEMORANDUM AND ORDER
Aarons, J.
(1) Appeal from a judgment of the Supreme Court (Faughnan, J.), entered August 10, 2018 in Tompkins County, which, in a proceeding pursuant to CPLR article 78, among other things, denied petitioners' motion to amend and dismissed the petition, and (2) motion to take judicial notice of two maps and to submit a scaled copy of a map.
Respondents SUN8 PDC LLC and Distributed Sun LLC (hereinafter collectively referred to as SUN8) leased farmland owned by respondent Scott Pinney in the Town of Dryden, Tompkins County in order to construct five separate community solar projects. A community solar project uses a group of solar arrays in a central location and provides utility-bill credits to subscribers in the community. The solar arrays are similar to rooftop solar panels but, instead, are located at the ground level. In connection with the construction of the projects, SUN8 sought to divide the farmland into five separate lots and place one project per lot. In 2017, the Dryden Town Board granted SUN8 a special use permit and site plan approval and respondent Town of Dryden Planning Board approved the preliminary subdivision plat. Petitioners Willow Glen Cemetery Association and Sarah Osmeloski, who both own land adjacent to the farmland, commenced two separate proceedings seeking, among other things, to enjoin the issuance of building permits and challenging the Planning Board's approval of the preliminary plat. In a December 2014 judgment, Supreme Court dismissed both petitions.
In February 2018, the Planning Board approved two resolutions — one allowing for a common driveway to provide access to all five subdivision lots from Route 13 and one approving the final subdivision plat for the solar project. In March 2018, petitioners commenced this CPLR article 78 proceeding seeking to annul the Planning Board's resolutions. Petitioners alleged that the Planning Board "lacked jurisdiction to consider any site plan application exceeding the four-lot limitation of [Town of Dryden Zoning Law § 602]" and that the resolutions were ultra vires and void because they authorized a common driveway for five flag lots on the final subdivision. Petitioners subsequently discovered that the notice of petition — but not the petition — erroneously described the resolutions being challenged as having been issued by the "Dryden Town Board," as opposed to the Planning Board. Petitioners moved to amend the notice of petition, which Supreme Court granted. SUN8 and the Planning Board separately joined issue. The Planning Board also submitted an affidavit from Ray Burger, the director of the Town of Dryden Planning Department, who averred that only three of the five lots on the farmland were flag lots. Petitioners thereafter moved via order to show cause to amend their petition by, as relevant here, deleting the claims alleging that the number of flag lots to be served by a common driveway on the subdivision exceeded the limit provided by Town Law § 280-a and Town of Dryden Zoning Law § 602 and adding claims alleging that the subdivision violated the frontage and access requirements of those same statutes. Supreme Court found that respondents were not prejudiced by the proposed amendments, but nonetheless concluded that they were without merit. Accordingly, Supreme Court denied the motion and dismissed the petition. Petitioners appeal. We affirm.
"A party may amend his or her pleading . . . by setting forth additional or subsequent transactions or occurrences, at any time by leave of court" (CPLR 3025 [b]). "When leave is sought to amend a pleading, the movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lakeview Outlets Inc. v Town of Malta, 166 AD3d 1445, 1446 [2018] [internal quotation marks and citations omitted]; see Gulfstream Anesthesia Consultants, P.A. v Cortland Regional Med. Ctr., Inc., 165 AD3d 1430, 1433 [2018]; Ferguson v Hart, 151 AD3d 1242, 1243 [2017]). Whether to grant or deny leave to amend is a matter resting within the discretion of the trial court and its decision will not be disturbed absent an abuse thereof (see NYAHSA Servs., Inc., Self-Ins. Trust v. People Care Inc., 156 AD3d 99, 101 [2017]; Bynum v Camp Bisco, LLC, 155 AD3d 1503, 1504 [2017]; Johnson v State of New York, 125 AD3d 1073, 1073-1074 [2015]).
Petitioners assert that Supreme Court erred in determining that Town Law § 280-a was inapplicable. As relevant here, Town Law § 280-a (1) provides that "[n]o permit for the erection of any building shall be issued unless a street or highway giving access to such proposed structure has been duly placed on the official map or plan" (emphasis added). "When different terms are used in various parts of a statute . . ., it is reasonable to assume that a distinction between them is intended" (Matter of Albano v Kirby, 36 NY2d 526, 530 [1975] [citations omitted]). Although not defined in the Town Law, building is defined by the Town of Dryden Zoning Law as "[a]ny [s]tructure where space, greater than 150 square feet in area, is covered or enclosed" (Town of Dryden Zoning Law art III). Meanwhile, structure is defined as "[a]nything constructed or erected on the ground or with a fixed location on the ground or attached to something having a fixed location on the ground" and includes "power generating equipment such as . . . solar panels" (Town of Dryden Zoning Law art III). As Supreme Court noted, the solar arrays met the definition of structure, but not the definition of building, inasmuch as "they [were] not covered or enclosed." Given that the solar project did not concern the erection of a building, Town Law § 280-a does not apply to this proceeding. More to the point, the proposed amended claim that the resolutions violated Town Law § 280-a is devoid of merit. Accordingly, we discern no abuse of discretion by Supreme Court in denying the motion for leave to amend the petition (see Matter of Senior Care Servs., Inc. v New York State Dept. of Health, 46 AD3d 962, 964 [2007]) and find that the petition was properly dismissed. In any event, even if we agreed with petitioners, the record belies their claim that Lot 1 on the final subdivision plat failed [*2]to comply with the frontage and access requirements of Town Law § 280-a and Town of Dryden Zoning Law § 602.
Finally, at oral argument, although petitioners did not formally withdraw their motion before this Court to take judicial notice of two maps, they requested that it be denied. SUN8 and the Planning Board did not oppose this request. Accordingly, the motion is denied.
Egan Jr., J.P., Devine and Rumsey, JJ., concur.
ORDERED that the motion is denied, without costs.
ORDERED that the judgment is affirmed, without costs.