Matter of Center for Jud. Accountability v New York State Joint Commn. on Pub. Ethics (2024 NY Slip Op 03363)

Matter of Center for Jud. Accountability v New York State Joint Commn. on Pub. Ethics

2024 NY Slip Op 03363

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

CV-23-0115
[*1]In the Matter of Center for Judicial Accountability, Inc., Petitioner, and Elena Ruth Sassower, Individually and as Director of the Center for Judicial Accountability, Inc., Appellant,
v
New York State Joint Commission on Public Ethics et al., Respondents.

Calendar Date:April 22, 2024

Before:Garry, P.J., Clark, Ceresia, Fisher and Powers, JJ.

Elena Ruth Sassower, White Plains, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.

Ceresia, J.
Appeals (1) from a judgment of the Supreme Court (David M. Gandin, J.), entered November 23, 2022 in Albany County which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted respondents' cross-motion to dismiss the petition/complaint, and (2) from an order of said court, entered February 16, 2023 in Albany County, which denied petitioners' motion for reargument.
Petitioners Center for Judicial Accountability, Inc. and its director, Elena Ruth Sassower, commenced this combined CPLR article 78 proceeding and declaratory judgment action against respondents, various state agencies and officials, seeking, among other things, to compel the performance of certain official acts and to declare unconstitutional the Ethics Commission Reform Act of 2022, the 2022-2023 state budget and that year's Legislative/Judiciary Budget Bill. Thereafter, petitioners moved for a preliminary injunction, and respondents opposed and cross-moved to dismiss the petition. Petitioners then filed a motion seeking, among other things, sanctions against respondents' counsel, disqualification of respondents' counsel, disqualification of the assigned Justice and/or removal to federal court. Supreme Court granted respondents' cross-motion to dismiss the petition and denied petitioners' requests for relief. Sassower moved to reargue, and Supreme Court denied that motion. Sassower appeals.[FN1] [FN2]
We affirm. Sassower contends that the assigned Justice was obligated to recuse himself from hearing the case due to a conflict of interest, insofar as the petition raised a challenge to the Legislative/Judiciary Budget Bill, through which he receives compensation. Due to this inherent conflict on the part of the assigned Justice as well as all state Supreme Court Justices, Sassower argues, the court was required to remove the case to federal court. These claims lack merit. Regarding the recusal issue, as we previously held in another case brought by these same petitioners, "[t]he self-interest inherent in adjudicating a dispute involving judicial compensation would provide grounds for disqualifying not only [the assigned Justice], but every [Justice] who might replace [him or] her" (Center for Jud. Accountability, Inc. v Cuomo, 167 AD3d 1406, 1408 [3d Dept 2018], appeal dismissed 33 NY3d 993 [2019], lv dismissed & denied 34 NY3d 961 [2019]; see Matter of Maron v Silver, 14 NY3d 230, 249 [2010]). As a result, pursuant to the Rule of Necessity, the Justice assigned to this case was authorized to preside over it (see Center for Jud. Accountability, Inc. v Cuomo, 167 AD3d at 1408). As for Sassower's related claim that the conflict of interest divested Supreme Court of its jurisdiction under Judiciary Law § 14, the Rule of Necessity provides an exception to that statute (see Pines v State of New York, 115 AD3d 80, 90 [2d Dept 2014], appeal dismissed 23 NY3d 982 [2014]). With respect to Sassower's assertion that the court should have granted [*2]her application to remove the matter to federal court, "the right of removal is vested exclusively in [respondents and a petitioner] simply may not remove an action from a state court" (Geiger v Arctco Enters., Inc., 910 F Supp 130, 131 [SD NY 1996]; see 28 USC §§ 1441 [a]; 1446 [a]).
Petitioners' requests for sanctions against and disqualification of the Attorney General were properly denied. Petitioners argued that sanctions were warranted based upon legal arguments set forth in respondents' cross-motion to dismiss the petition. A review of this cross-motion, however, reveals that the Attorney General made reasonable arguments which did not in any manner justify the imposition of sanctions (see 22 NYCRR 130-1.1 [c]; Matter of Doe v Rensselaer Polytechnic Inst., 172 AD3d 1691, 1693 [3d Dept 2019]; Matter of Cobado v Benziger, 163 AD3d 1103, 1107 [3d Dept 2018]). Petitioners' contention that the Attorney General should have been disqualified is likewise unavailing (see Executive Law § 63 [1]).
Finally, any challenge to the merits of Supreme Court's dismissal of the petition is not properly before us, as Sassower's appellate brief contains no specific argument in this regard (see Matter of Barnes v Rodriguez, 223 AD3d 1132, 1133-1134 [3d Dept 2024]; Ruotolo v Fannie Mae, 127 AD3d 1442, 1443 [3d Dept 2015], appeal dismissed 26 NY3d 983 [2015]).[FN3] To the extent that she attempts to incorporate by reference documents submitted to the trial court in connection with her reargument motion, this is not an acceptable manner of presenting appellate argument (see 22 NYCRR 1250.8; see also Galvin v U.S. Bank, N.A., 852 F3d 146, 159 [1st Cir 2017]; Maraschiello v City of Buffalo Police Dept., 709 F3d 87, 92 [2d Cir 2013], cert denied 571 US 824 [2013]). Sassower's remaining contentions have been considered and found to be unpersuasive.
Garry, P.J., Clark, Fisher and Powers, JJ., concur.
ORDERED that the appeal from the order is dismissed, without costs.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Supreme Court dismissed all claims brought by the Center for Judicial Accountability, Inc. on the ground that it was not represented by an attorney, as required for a corporation to bring a civil action (see CPLR 321 [a]). This aspect of the court's ruling has not been challenged.

Footnote 2: As no appeal lies from the denial of a motion to reargue, the appeal from the order denying that motion must be dismissed (see Matter of Walker v Fernandez, 225 AD3d 1015, 1016 [3d Dept 2024]).

Footnote 3: Recognizing that one of petitioners' causes of action challenged the constitutionality of the statutory provisions which created the Commission on Ethics and Lobbying in Government, we note that we recently held those provisions to be unconstitutional, albeit on different grounds than those argued by petitioners (see Cuomo v New York State Commn. on Ethics & Lobbying in Govt., ___ AD3d ___, ___, 2024 NY Slip Op 02568, *3-5 [3d Dept 2024]).